State *v.* Cady.

# SUPREME COURT OF ERRORS.

## HELD AT HARTFORD FOR THE COUNTIES OF HARTFORD, WINDHAM, MIDDLESEX, AND TOLLAND.

### ON THE FIRST TUESDAY OF MAY, 1879.

### Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS, AND GRANGER, JS.

---

### STATE *vs.* ALFRED D. CADY.

Under the act of 1877 which forbids the keeping open on the day of any electors' meeting of any place where it is reputed that intoxicating liquors are sold, the reputation proved need not be that of selling liquors on the days of electors' meetings, but may be that of selling on other days.

And it makes no difference that the sales on which the reputation was founded were lawfully made under a license.

The act requires such a place to be closed on the days of electors' meetings even though the occupant has a license to sell liquor.

It is sufficient if an offense is charged in the language of the statute creating it.

The act of 1877 provides that prosecutions under it shall be determined by a justice of the peace or city or police court. The present prosecution was brought before and determined by a justice of the peace, and appealed by the defendant to the Superior Court. Held that the appeal was rightly taken under the general statute with regard to criminal prosecutions and that the Superior Court had jurisdiction.

Questions as to the sufficiency of pleadings and as to jurisdiction can not be brought up by motions for new trials.

GRANDJUROR'S COMPLAINT for the keeping open, on the day of an electors' meeting, of a place where intoxicating liquors were reputed to be exposed for sale and to be drunk on the premises; brought originally before a justice of the peace, and appealed by the defendant from the judgment of the justice to the Superior Court in Windham County, and in that court tried to the jury, on the plea of not guilty, before *Hitchcock, J.* Verdict guilty, and motion for a new trial. The case is sufficiently stated in the opinion.

*T. E. Graves,* in support of the motion.

*J. J. Penrose,* State's Attorney, and *E. M. Warner,* contra.

LOOMIS, J.   A statute, passed in 1877, (Acts of 1877, p. 242, sec. 30,) provides that every person who, between the hours of five o'clock in the morning and six o'clock in the evening of the day of any electors' meeting, shall keep open any room, place or inclosure, or any building, or any structure of any kind or description, in which it is reputed that intoxicating liquors are exposed for sale, and to be drunk on the premises, shall be fined forty dollars, or imprisoned thirty days, or both.

The defendant was, by the Superior Court for Windham County, found guilty of a violation of this act, at Eastford, on the day of an electors' meeting held in that town on the 6th day of November, 1877, and he brings the case to this court for review by a motion for a new trial.   Numerous objections and requests are specified as grounds for the motion, which however may be reduced in substance to three propositions.

1.   That the Superior Court had no jurisdiction of the offense.

2.   That the complaint was insufficient in law.

3.   That the court ought to have rejected all evidence as to the reputation of the place in respect to the sale of intoxicating liquors, not strictly confined to the time between five o'clock of the morning and six o'clock of the evening of the day in question, and should have charged the jury that they could not consider any evidence of the repute of the place before the first or after the last-named hour as tending to prove the reputation on that day.

The first two propositions are not properly presented by the present motion.   They should have been raised by a motion in error.   The latter is indeed the caption of the motion, but its body and conclusion are simply for a new trial, and so we must regard it.

It may however save the experiment of bringing a writ of

error, if we say that, were these questions properly presented, we should regard them as having no substantial foundation.

The act upon which the prosecution is founded provides that all cases under it shall be determined by a justice of the peace, or city or police court. But a right of appeal is given by the general statute with regard to criminal prosecutions. (Gen. Statutes, p. 533, sec. 7.) This case was brought before a justice and was determined by him according to law, and was appealed to the Superior Court by the defendant. That court clearly had jurisdiction.

And as to the sufficiency of the complaint, the offense is charged in the language of the statute, which in analogous cases has been held good. *Whiting* v. *The State*, 14 Conn., 487; *State* v. *Bierce*, 27 Conn., 319.

The third proposition, though properly before the court, is equally untenable. The argument in its support seems to rest wholly on the fallacious assumption that the defendant's guilt under the statute consists simply in the repute of his place. But the gravamen of the offense is the *keeping open* on election day of a reputed liquor shop. The reputation is important only as characterizing and pointing out the *place*, which the law says must be closed on that day.

It is true the law assumes the reputation to be well founded, and that the place is one that will attract voters fond of intoxicating drink, and on that account the keeping open will be detrimental to the public peace and the quiet and intelligent exercise of the elective franchise, and therefore it deals summarily with the matter, and closes the place against public access on that day, irrespective of the fact whether the proprietor will actually sell or not, or whether or not he has a license to sell.

The mode of proving the reputation is the same as in the instance of keeping open such a place on the Sabbath. The reputation is gained on other days, but when so acquired the place becomes one which the law will not allow to be kept open on that day. In both offenses it is the general reputation that the law contemplates, and not simply the limited reputation of exposing liquors for sale merely upon the pro-

hibited day. It is true that the legal issue is to determine the reputation of the place on the day named, but there is ordinarily no way of proving it except by showing what it is on other days.

Reputation, if well founded, is necessarily of slow growth, and could not well be acquired within the few specified hours of a particular day, occurring ordinarily but once in a year; and were the accused convicted on just such testimony as he now desires and insists upon as the only proper evidence, he would most vehemently denounce the law as unjust, because it put the ban of condemnation on his house or place of business on account of a reputation resting on so flimsy a foundation.

A new trial is not advised.

In this opinion the other judges concurred.