## THE STATE v. McCRACKEN.

1. **Criminal Law**: EVIDENCE OF NON-IDENTITY: EFFECT OF: INSTRUCTION. Evidence of the non-identity of the defendant should be considered like any other evidence, under the rule that the state must establish guilt beyond a reasonable doubt; and an instruction directing a special consideration of such evidence *held* confusing and misleading.

2. ———: EVIDENCE OF ALIBI: EFFECT OF: INSTRUCTION. If the defendant establishes an *alibi* by a preponderance of the evidence, (see *State v. Hamilton*, 57 Iowa, 596,) he should be acquitted; and an instruction to the effect that the established fact of *alibi*, (if it were established,) should be considered in connection with other facts and circumstances, *held* confusing and misleading.

3. **Instruction**: TOO FAVORABLE TO APPELLANT: NO GROUND FOR REVERSAL. An instruction, though erroneous, is no ground for reversal, where the error is in appellant's favor.

4. **Criminal Evidence**: ALIBI: STATEMENTS OF DEFENDANT: RES GESTÆ. A defendant may not be allowed, for the purpose of proving an *alibi*, to show what he said on his return home, as to where he had been during his absence.

*Appeal from Marshall District Court.*

SATURDAY, JUNE 13.

THE defendant was convicted upon a charge of stealing a

horse from one Buchanan, in Marshall county, and sentenced to imprisonment in the penitentiary for two years. He appeals.

*J. H. Bradley*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—I.  The state relied principally upon evidence tending to show that the defendant was seen in the posses-

1. CRIMINAL law : evidence of nonidentity : effect of : instruction.

sion of the stolen horse the next morning after he was stolen.  To rebut the evidence of the state, the defendant introduced evidence tending to show that on the night of the theft he was several miles distant from the place of the theft, and also that at that time his personal appearance in respect to having a mustache, etc., differed from that of the person seen in possession of the stolen horse.  As touching the evidence of nonidentity and *alibi*, the court gave an instruction in these words: "While it is necessary for the state to prove the material allegations of fact of the indictment beyond a reasonable doubt, yet, in the establishment of affirmative facts on the part of the defendant, such as facts pertaining to the personal appearance or identity of defendant, or whether he was or could have been at the time when and place where the offense was committed, if it was committed, it is sufficient if such facts are shown by a preponderance of the evidence, which is deemed by the jury reliable and credible, and of any weight; and so considering such fact, with all the other facts and circumstances in the case, if there is reasonable doubt of the defendant's guilt, he should be acquitted."  The giving of this instruction is assigned as error.

We are not certain that we have a correct understanding of this instruction.  But we think that we may say that the court regarded the non-identity of the defendant with the real thief, or with the person seen in possession of the stolen property under such circumstances as to be presumptively

the thief, to be a fact available to the defendant to some extent, if shown by a preponderance of evidence, and otherwise not; and that, if thus shown, it might be considered in connection with other facts and circumstances; and, if sufficient, when thus considered, to raise a reasonable doubt of guilt, the defendant should be acquitted. But in our opinion evidence of non-identity should be treated like any other evidence offered by the defendant for the purpose of showing that he did not steal the horse. It was merely evidence in rebuttal. It might have the effect to raise a reasonable doubt of guilt, though not preponderating over that offered by the state. We may say also that, though preponderating, it might not have the effect to raise a reasonable doubt of guilt, if offered simply upon the question as to the identity of the defendant and the person seen in possession of the horse. The jury might believe that the defendant was not the person seen in possession, and still convict, if other evidence in the case warranted a conviction. It appears to us, therefore, that, so far as the question of identity was concerned, the instruction in regard to a preponderance of evidence had no proper place, and could serve only to confuse and mislead.

As to the matter of *alibi*, it may be conceded that under *State v. Hamilton*, 57 Iowa, 596, the evidence should preponderate. But, conceding this, we have still to say that we do not think that the instruction given in reference to *alibi* can be sustained. If the jury should regard the evidence of *alibi* as preponderating, their belief would be that the defendant was where he could not have committed the crime, and, having reached that conclusion, an acquittal should follow of course. The instruction proceeded upon the theory, as we understand it, that the established fact of *alibi* (if it were established) would be a fact to be considered in connection with other facts and circumstances. We think that the instruction in this respect was calculated to confuse and mislead.

II. There was evidence tending to show that the defend-

*2. ——: evidence of alibi: effect of: instruction.*

ant came into possession of the stolen horse, and traded it the
next morning after it was stolen to one Milligan
for a gray mare, and afterwards traded the mare
to one Miller for a pony, and afterwards sold the
pony; that the persons with whom he traded
were all strangers to him; that the trades were made in dif-
ferent parts of the county, and all within the space of about
one week. The possession of the Miller pony was proven by
undisputed evidence. The court, in instruction eight, told
the jury, in substance, that the possession and sale of the Mil-
ler pony might be considered as a circumstance in connection
with the other circumstances, and so far the instruction is not
complained of. But in the same instruction the court pro-
ceeded to say: "If you believe that the explanation of the
defendant's possession of the pony, if he made such explana-
tion, to the witness Stultz, reasonable, or probable, or true,
then defendant's possession of the pony, if he had such pos-
session, can have very little, if any, weight in the case."
Stultz had testified that the defendant told him that he pur-
chased the pony of a man near Union for fifteen dollars. The
defendant contends that, if this explanation was true, then his
possession of the pony was not a circumstance against him,
and should have no weight, either alone or in connection
with any other circumstance in the case. And he contends
that the instruction carried an implication that, though the
explanation were true, the circumstances might have a little
weight against him. To this we have to say that we find no
evidence tending to show that the explanation was true; and
so far as the instruction assumed that there was, it was too
favorable for the defendant. We see nothing in this of which
the defendant can properly complain.

III. For the purpose of proving an *alibi*, the defendant
offered to prove by a witness what the defendant at a cer-
tain time said as to where he had been. The
court excluded the evidence as hearsay. The
defendant contends that it was proper, because it
was a statement made by the defendant upon his

*3. INSTRUC-
TION: too
favorable to
appellant: no
ground for re-
versal.*

return to his place of residence, and was, therefore, a part of the *res gestœ*. But in our opinion it would be going too far to hold it such. The defendant cites 1 Greenl. Ev., § 108, in which it said in substance that when a person leaves home, or returns, his declaration made at the time, and expressive of the character, motive, or object of the act, is admissible as evidence. But the declaration in this case was a mere statement of a past event. It was offered to prove something antecedent to his return, and in no way pertaining to the character, motive, or object of his return.

For error in giving the instruction first above set out, the judgment must be

REVERSED.