State *v.* Keenan.

---

THE STATE *vs.* FRANK KEENAN.

New Haven Co., Dec. T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A city, under authority of its charter, passed an ordinance forbidding "any vehicle, or the animals attached thereto, to stand waiting for employment within ten feet of any cross-walk," and prescribing a penalty for every violation of the ordinance. Held that such violation was a misdemeanor, for which a criminal prosecution would lie.

[Argued March 1st—decided April 25th, 1889.]

CRIMINAL prosecution by the city attorney in the city court of the city of New Haven for a violation of an ordinance of the city; appealed by the defendant to the Court of Common Pleas of New Haven County, criminal side.

The ordinance, which is section twenty of the by-laws of the city, is as follows:—" No vehicle, or the animals attached thereto, shall stand waiting for employment within ten feet of any cross-walk."

Section thirty-three of the same chapter fixes the penalty for a violation of the above and other by-laws of the chapter as follows: "Every person guilty of any breach of or non-compliance with this ordinance, for which no penalty is provided aforesaid, shall pay a penalty of not less than one nor more than ten dollars for every such offense." Section

twenty-eight of the charter of the city gives to the court of common council authority to make, alter and repeal ordinances regulating public hacks and hackmen, and to regulate all public conveyances in the use of the streets of the city and also to keep open and free from encroachment or obstruction the streets, passways and sidewalks of the city. Section twenty-nine gives the court of common council power to frame and maintain a body of standing ordinances regarding subjects enumerated in the foregoing section, "to be entitled the by-laws of said city, and to prescribe penalties not exceeding one hundred dollars for any violation of the same and to prescribe the mode of enforcing such penalties by civil action or forthwith process as in criminal cases."

In the Court of Common Pleas the defendant filed the following motion to dismiss the case:—" The defendant in the above entitled cause moves the court that this case be erased from the docket, because he says that it appears from the writ and complaint that it is a criminal prosecution for the violation of a city ordinance, and he says that the remedy for the recovery of a fine imposed by a city ordinance is a civil and not a criminal proceeding, and therefore the case is not regularly on the docket of this court having jurisdiction of criminal cases only."

The question arising upon this motion was reserved for the advice of this court.

*D. Callahan,* in support of the motion, contended—1. That the remedy for the recovery of a penalty prescribed by a city by-law is merely a civil proceeding. (*State v. Decker,* 46 Conn., 241; Ang. & A. on Corp., § 363; 1 Dillon's Mun. Corp., § 342; Grant on Corp., 88; and numerous cases cited in the text books.)—2. That being a civil proceeding, the action should have been brought in the name of the city or of a person authorized by the city to bring it: (1 Dillon Mun. Corp., §§ 341, 342, 343, 349; Ang. & A. on Corp., § 365; 2 Kyd on Corp., 157; and cases there cited.) And that the charter had prescribed the mode of enforcement, and that therefore no other could be pursued. (1 Dillon

Mun. Corp., §§ 273, 343, 349.—3. That the power to compel the payment of a fine for a violation of a city by-law by the imprisonment of the offender must be expressly granted by statute, and unless it is so granted the power does not exist. (Ang. & A. on Corp., §§ 360, 363; 1 Dillon Mun. Corp., § 287; and cases there cited.)

*G. M. Gunn*, contra.

CARPENTER, J. This is a criminal prosecution for the violation of an ordinance of the city of New Haven. The City Court convicted the defendant, and he appealed to the Court of Common Pleas, criminal side. In the appellate court the defendant's counsel moved to erase the case from the docket on the ground that the alleged offense was not a crime; and on that motion the case was reserved for the advice of this court.

The ordinance is as follows :—" No vehicle, or the animals attached thereto, shall stand waiting for employment within ten feet of any cross-walk." Another section prescribes a penalty of not less than one nor more than ten dollars for every violation of the ordinance. The only question is whether such violation is a crime.

If the legislature itself had prohibited the act and prescribed the penalty in precisely the same terms there can be little doubt that the act would be a misdemeanor and might be prosecuted criminally. It cannot be disputed that the legislature in fact granted the power to enact this by-law, and the power has been exercised. Logically it would seem to follow that the by-law should be of the same character and have the same force within local limits as if enacted by the legislature.

The test whether a proceeding is civil or criminal, is to determine whether its purpose is to redress a private or a public wrong. Is the law made to prevent a private injury or a nuisance?

In *Hinman* v. *Taylor*, 2 Conn,, 357, which was a prosecution under the bastardy act, it was contended that because

the proceeding was in form criminal it must be regarded as a criminal prosecution; but the court took a different view. SWIFT, C. J., held that the proposition that the form of the process decided the character of the action, was repugnant to reason and precedent. "Suppose," he says, "the legislature should anthorize a forthwith process on a note of hand; no one will seriously pretend that this would convert an action of assumpsit into a criminal suit. To constitute a criminal suit some punishment must be inflicted in behalf of the state." He evidently regarded the object and nature of the suit as determining the character of the proceeding. Judge HOSMER, in the same case, is still more explicit. He says: "The criterion to ascertain a crime is not the mere form of process, but the nature of the act or omission. If it be a violation of a public law, it is a crime or misdemeanor." We find the same doctrine clearly stated in *State* v. *Stearns*, 31 N. Hamp., 106.

Let us apply that test. A criminal form of proceeding is clearly authorized, and the act is an offense against the public and not an injury to an individual. The penalty is not in the nature of compensation to the city for an injury sustained, but is designed as a punishment for a wrong done to the community—a wrong prohibited, because it may result in harm or inconvenience to individuals, who may or may not be inhabitants of the city. Thus tested the nature of the act as well as the form of process is clearly criminal.

Two reasons are urged why a criminal prosecution cannot be maintained and that the motion to dismiss should prevail. First, that the charter expressly provides that an action may be brought for the penalty in the name of the city treasurer, and that consequently that remedy alone must be pursued. But this argument overlooks the object of the by-law, which is to prevent a nuisance, a matter in its nature criminal. It is no uncommon thing for a statute to authorize an action to recover a penalty incurred by doing a forbidden act, even where a public prosecution can be sustained, as is the case in all *qui tam* actions. Here not only a civil suit but a public prosecution is authorized in

the charter. But to avoid injustice it is expressly provided that "no person shall be prosecuted both civilly and criminally for the same breach of a by-law."

In the second place, it is contended that the right of imprisonment to coerce the payment of a penalty is not expressly given; and if not expressly granted, it cannot exist. This argument seems to beg the question by assuming that the sole object of the suit is to collect a penalty for the benefit of the city of New Haven; whereas the real purpose of the by-law, and consequently of the action, is to suppress a public nuisance. For that purpose there can be no serious objection to putting in operation the power and legal machinery of the state.

We advise that the motion to dismiss be denied.

In this opinion the other judges concurred.