THE STATE *vs.* JACOB SCHWEITZER.

New Haven Co., June T., 1889.   ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

It is provided by Gen. Statutes, § 3402, that every person who shall unlawfully neglect to support his wife and children shall be sentenced to hard labor for not more than sixty days in the workhouse or jail, but that the court may, in lieu of the penalty, accept a bond with surety that he will furnish such support. In a prosecution under the statute for neglect to support a wife, it was held—

1. That the proceeding was a criminal one, and not a civil one in a criminal form.

2. That the complaint, which charged the defendant with unlawfully neglecting and refusing to support his wife, was sufficient, without an averment of the marriage.

3. That the marriage might be proved by the testimony of the wife and by that of any competent persons who witnessed the ceremony, and that the defendant's acknowledgment of the fact was admissible against him.

4. That the marriage certificate was admissible as original evidence.

5. That cohabitation as man and wife raised a presumption of a legal marriage and was evidence from which a jury might find an actual marriage.

6. That the adultery of the wife, if proved, was a sufficient defense against the charge of neglecting to support her.

7. That the defendant was not bound to prove the adultery beyond a reasonable doubt, but only by the preponderance of evidence that is sufficient to establish a fact in a civil case.

[Argued June 12th—decided September 9th, 1889.]

CRIMINAL PROSECUTION for neglect and refusal of the defendant to support his wife; brought before a justice of the peace and, by the appeal of the defendant, to the Court of Common Pleas for New Haven County. The defendant demurred to the complaint, the demurrer was overruled, and the case was°tried to the jury, upon the plea of not guilty, before *Deming, J.* The jury returned a verdict of guilty, and the defendant appealed to this court, on the ground of error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*E. P. Arvine* and *C. A. Harrison*, for the appellant.

1. The court erred in overruling the defendant's demurrer. All that is alleged in the complaint is that Schweitzer unlawfully neglected to support his wife. It does not allege that he had any wife. We may suppose from the complaint that he was married, but " in criminal pleading nothing shall be taken by intendment." *State* v. *Thurstin*, 35 Maine, 206. The complaint should have alleged to whom, when, and where he was married. Every traversable fact must be directly alleged, with time and place. 2 Bishop's Crim. Procedure, §§ 881, 886; *Davis* v. *Commonwealth*, 13 Bush, (Ky.,) 318; *State* v. *LaBore*, 26 Verm., 765; *Dinninger* v. *State*, 52 Ind., 326; *Zook* v. *State*, 47 Ind., 463; *Jester* v. *State*, 14 Ark., 552; *People* v. *Hall*, 19 Cal., 425; *Grower* v. *State*, 6 Fla., 39; *Lewellen* v. *State*, 18 Tex., 538. It is insufficient to allege the offense in the words of the statute where the statutory description does not complete it. *State* v. *Jackson*, 39 Conn., 230.

2. The court erred in its ruling with regard to the evidence of the marriage. The record says: " The State offered no evidence of the marriage except the evidence of the wife, as herein stated, the admissions of the accused to Mr. Smith, and the marriage certificate, but claimed the evidence of Mrs. Murphy as also establishing the marriage, by showing that the Schweitzers had lived in her house as· husband and wife." There was no proof of a ceremony, and none that the person who performed the marriage was

a clergyman, or any officer having power to solemnize a marriage. The statement of Mrs. Schweitzer, that the accused was her husband, and that she was married in New York, was a mere statement of her conclusion, was inadmissible, and of no value. And the certificate should not have been admitted without proof of the signature of the person by whom it purported to be signed, and that he was a clergyman. *State* v. *Dooris*, 40 Conn., 145. The court charged the jury, in effect, that they might take the evidence that the accused and Mary Schweitzer had lived together, and his admission, into consideration as proof of the marriage, and declined to charge the jury that there was no legal evidence of marriage, as requested by the accused. In prosecutions for bigamy, adultery and incest, (when the latter crime involves marriage), and actions for *crim. con.*, the admission of the accused that he is married, and proof of reputation and cohabitation, are inadmissible. *State* v. *Roswell*, 6 Conn., 449; *Com.* v. *Littlejohn*, 15 Mass., 163.

3. The court erred in charging the jury that the accused must prove his defense of adultery beyond a reasonable doubt. *Mead* v. *Husted*, 52 Conn., 59. According to the principles of this decision, if the accused had been sued for a debt contracted by Mrs. Schweitzer, and his defense had been adultery, he would not have been obliged to prove it beyond a reasonable doubt, nor if he had petitioned for a divorce upon the ground of adultery. It is hard to see why, in a prosecution for non-support, a much greater degree of evidence should be required to disprove his obligation than would be necessary to dissolve the marriage.

4. The court erred in charging the jury that there had been no such degree of drunkenness proved in the case as would excuse the prisoner from the obligation to support his alleged wife. Whatever would justify a divorce would, it is submitted, justify the husband in abandoning his wife, and in refusing to maintain her.

*W. B. Stoddard* and *G. M. Gunn*, for the State.

1. The statute is in substance the same as the bastardy

statute, (§ 1208,) and therefore this is substantially a civil proceeding to compel the accused to perform his duties as husband. *Fenn* v. *Bancroft*, 49 Conn., 218. The strict rules of criminal procedure therefore should not be enforced as in indictments for bigamy and adultery. *Hammill* v. *Bronson*, 5 Day, 293; *State* v. *Roswell*, 6 Conn., 448.

2. The evidence offered by the State to prove marriage was admissible. The marriage was in the state of New York and we were entitled to prove a legal marriage under the laws of that state, for such a marriage is recognized as valid in this state. Bishop on Mar. & Divorce, §§ 125, 126; 2 Greenl. Ev., § 463; In a prosecution for bigamy in New York, the second wife was allowed to testify to the marriage, and substantially the same line of evidence was admitted as in this case. *Hayes* v. *The People*, 25 N. York, 390. In the case of *State* v. *Ransell*, 41 Conn., 440, which was a prosecution under this statute, the court charged that, if a marriage lawful in form, and free from fraud or other invalidating difficulties, was proved, it was sufficient.

3. The charge of the court that, where the defendant excuses himself in refusing to support his wife, upon the ground that she was guilty of adultery, he must prove the crime beyond a reasonable doubt, was correct. This has been declared to be the law in the U. S. Supreme Court, and in many of the state courts. *Briy Struggle* v. *U. States*, 9 Cranch, 71; *McConnell* v. *Delaware Ins. Co.*, 18 Ill., 228; *Lexington Ins. Co.* v. *Paver*, 16 Ohio St., 331; *Strader* v. *Mullane*, 17 id., 626; *Bissell* v. *Wert*, 35 Ind., 60; *Wonderly* v. *Nokes*, 8 Blackf., 589; *Ellis* v. *Lindley*, 38 Iowa, 461; *Fountain* v. *West*, 23 id., 9; *Polston* v. *See*, 54 Mo., 291; *Clark* v. *Dibble*, 16 Wend., 601; *Berckmans* v. *Berckmans*, 17 N. Jer. Eq., 454; *Taylor* v. *Morris*, 22 id., 606: *Steinman* v. *McWilliams*, 6 Penn. St., 170; *Gorman* v. *Sutton*, 32 id., 247; *Freeman* v. *Freeman*, 31 Wis., 235. "To support a special plea in justification, where crime is imputed, the same evidence must be adduced as would be necessary to convict the plaintiff upon an indictment for the crime imputed to him." 2 Greenl. Ev., § 426. "Where the hus-

band recriminatingly charges his wife with adultery, he should prove it beyond a reasonable doubt." *Blaeser* v. *Milwaukie &c. Ins. Co.*, 37 Wis., 38. In *Com.* v. *McKie*, 1 Gray, 63, the court discusses this point but leaves it undecided.

4. The adultery of the wife did not excuse the defendant so long as she remained his wife. The statute says he shall support his wife, " unless he shall show to the court before which the trial is had, that owing to physical incapacity, or other good cause, he is unable to furnish such support." " Unable to furnish for other good cause," such as his being out of work, or inability to collect his wages, or something of that kind. The language is, " owing to physical incapacity, or other good cause, he is unable to furnish such support." The cause in any case must be such as to render him unable to furnish such support. The clause " unable to furnish such support," limits and modifies the expression " other good cause," as well as limits and modifies the expression " physical incapacity." The court might well have charged that under this statute the defendant was liable until he obtained a divorce through the courts, for certainly the adultery of the wife, even if it be a fact, does not render the husband *unable* to provide such support, and at common law the adultery of the wife is no excuse for non-support. Bishop on Mar. & Divorce, § 578; Tyler on Infancy & Coverture, (2d. ed.,) 369.

5. The complaint is sufficient. The offense is charged in the language of the statute. *State* v. *Cady,* 47 Conn., 46. Judge STORRS says in *State* v. *Bierce*, 27 Conn., 319, that the general rule is that, for indictments for misdemeanors created by statute, it is sufficient to charge the offense in the words of the statute. The indictment ought to apprise the prisoner of the crime charged sufficiently for him to prepare his defense. The prisoner is informed that it is his wife whom he does not support. It is to be presumed he has but one wife. It would give him no more information if we had followed the form in indictments for adultery, and alleged that Mary Schweitzer was his lawful wife.

State v. Schweitzer.

ANDREWS C. J. The defendant was prosecuted before a justice of the peace in the town of Milford, under section 3402 of the General Statutes, for unlawfully neglecting and refusing to support his wife, and was convicted. He appealed to the criminal side of the Court of Common Pleas in New Haven County. In the latter court he demurred to the complaint, on the ground that it merely charged the defendant with neglecting and refusing to support his wife, and did not allege a marriage to her. The demurrer was overruled, and the defendant was tried to the jury upon the plea of not guilty. He was convicted and has now appealed to this court.

The attorney for the State suggests at the opening of his argument that this is in substance a civil proceeding, although criminal in form, analogous to proceedings under the bastardy act. We are of opinion that this is a criminal prosecution. The reasons given in State v. Keenan, 57 Conn., 286, are decisive. See also State v. Ransell, 41 Conn., 440.

There are twelve reasons of appeal, the first nine of which may very briefly be disposed of.

The demurrer was properly overruled. The offense is charged in the words of the statute. Whiting v. The State, 14 Conn., 487; State v. Bierce, 27 Conn., 319; State v. Lockbaum, 38 Conn., 400; State v. Cady, 47 Conn., 46.

The evidence of Mary Schweitzer, the alleged wife, that she was married to the defendant, was admissible. Marriage is a fact that may be proved by parol. Wharton on Evidence, § 84; The People v. Hayes, 25 N. York, 390; Fenton v. Reed, 4 Johns., 52. Even in cases where an actual marriage is required to be proved in contradistinction to an implied one, as in criminal conversation, or bigamy, or incest, the marriage may be proved by the testimony of any competent witness who was present at its celebration. Morris v. Miller, 4 Burr., 2057; Rex v. Hassell, 2 Car. & P., 434, note; State v. Roswell, 6 Conn., 446.

The certificate was admissible. It was offered as and purported to be the original marriage certificate. It was clearly admissible in connection with the testimony of Mrs.

Schweitzer. *Northrop* v. *Knowles*, 52 Conn., 522; Swift's Evidence, 5.

The evidence of cohabitation was admissible. The fact of cohabitation as man and wife raises a presumption of a legal marriage. Wharton's Ev., §§ 84, 1297. Cohabitation does not make a marriage, but it is evidence from which a jury have a right to find an actual marriage. *Campbell* v. *Campbell*, L. R., Scotch Appeal Cases, 193. In this case Lord CRANSWORTH said: "By the law of England, and I presume of all other Christian countries, where a man and a woman have long lived together as man and wife, and have been so treated by their friends and neighbors, there is a *primâ facie* presumption that they really are and have been what they profess to be."

We see no reason why the confession of the defendant that he had been married to Mary was not admissible against him. It was a fact peculiarly within his knowledge.

The sixth, seventh, eighth and ninth reasons of appeal are but repetitions of the same thought. The court could not properly instruct the jury that there was no sufficient evidence of a marriage when there was before them evidence tending to prove a marriage and from which they had the right to find a marriage in fact. The claim presented by the twelfth reason of appeal was not made on the trial.

The defendant, for the purpose of showing that he was not liable to the prosecution, offered evidence tending to show, and claimed that he had proved, that his wife had committed adultery previous to the time he turned her out of doors and refused to support her. Upon this evidence he requested the court to charge the jury—"that if they believed Mrs. Schweitzer to have been guilty of adultery prior to the separation their verdict should be for the accused." The court charged that "he," (the defendant) "must support her unless there is some legal reason, and a lawful reason assigned by the defense is adultery. The defense claim that this woman had been guilty of adultery, and they have introduced evidence to sustain that claim, and I would say to you that the burden of proof is as absolute and as binding

State v. Schweitzer.

upon them as upon the State. Their evidence in that case must not be enough simply to raise the suspicion of adultery. They must have more than simply thrown a shadow of doubt over the virtue and chastity of the woman, they must go further on their part of the case and show you beyond a reasonable doubt that the woman has been guilty of adultery. If they have satisfied you that the woman has been guilty of adultery, then that is a sufficient legal excuse and your verdict should be not guilty." The tenth and eleventh reasons of appeal are predicated upon the request and the charge.

We think the court was correct in charging that adultery, if proved, was a sufficient defense. A husband may lawfully refuse to support an adulterous wife. 1 Selwyn's Nisi Prius, (Wheat. & Whart. ed.,) 205-207; *Gill* v. *Rand*, 5 R. Isl., 343; *Hunter* v. *Boucher*, 3 Pick., 289; Schouler's Dom. Rel., 91; 1 Bishop on Marriage & Divorce, § 573.

In criminal cases the general rule is that before a conviction can be had the jury must be satisfied upon all the evidence beyond a reasonable doubt of the affirmation of the issue presented by the State; to wit, that the accused is guilty in manner and form as charged in the information. In criminal jurisprudence the law itself holds an uneven balance; it imposes upon the State the burden of proving the case set forth in the information, in all its parts, beyond a reasonable doubt, and commands juries that if the case is not so proved to acquit the accused. In a criminal trial upon the plea of not guilty, the main issue is—and there is strictly but one—" Is the prisoner guilty or not guilty of the crime charged against him?" Upon that issue the burden of proof is on the State from the beginning to the end of the trial; it never shifts; and the jury in their ultimate analysis of the entire evidence in the case must find, in order to convict, that all the conditions of guilt against the prisoner have been proved beyond a reasonable doubt. If the case is not so proved in every material part, then it is the duty of the jury to acquit. If the defendant relies upon some distinct substantive ground of defense not necessarily

connected with the transaction on which the information is founded, as insanity, or self-defense, or an alibi, or, as in the case at bar, the adultery of the wife, he must prove it as an independent fact. As to such fact he presents a subordinate issue upon which he goes forward with his evidence and the State rebuts. And as the purpose of such a defense is to subvert or to render doubtful some material part of the case necessary to be proved in order to convict him, it is incumbent upon the defendant to establish the fact, or facts, which constitute his defense, by such a weight of evidence as will be sufficient to accomplish that purpose.

The cases differ as to what that weight of evidence is. Some of them hold that the defense must be proved beyond a reasonable doubt; others that the jury should be governed by the preponderance of the evidence, and still others seem to hold that the prosecution must substantially disprove the defense. Some of the difference is apparent rather than real and arises from using the term "burden of proof" and the term "reasonable doubt," without clearly discriminating whether the term is applied to the defense or to some part of the prosecution.

All authorities agree that the burden is upon the State to make out its accusation in a criminal case beyond all reasonable doubt. It seems to be agreed with substantially the same unanimity that when a defendant desires to set up a distinct defense, such as is above mentioned, he must bring it to the attention of the court; in other words, he must prove it. A fact controverted before any tribunal can hardly be said to be proved at all unless there is more evidence in its support than there is against it. If the evidence for and against it is of precisely equal weight the fact is not proved. If the evidence in support is of greater weight than the opposing evidence, then the fact is proved. If the excess in weight is slight, then the fact is proved only by a preponderance of the evidence. But if the excess of weight is so great as to exclude all reasonable doubt as to the existence of the fact, then the fact is proved beyond reasonable doubt. Between the line where a fact is proved by only a preponderance of

the evidence and the line where it is proved beyond all reasonable doubt, there may be quite a wide field.

The defendant must *prove* his defense,—that is, he must produce more evidence in support of it than there is against it. When he has done this by a preponderance of the evidence the defense becomes a fact in the case of which the jury must take notice in making up their verdict and dispose of it according to the rule before stated, that the burden is upon the State to prove every part of the case against the prisoner beyond a reasonable doubt. It might happen in some cases that the defense would itself have to be proved to a moral certainty before it would create a reasonable doubt as to any of the conditions of guilt. In other cases it might so happen that when the defense was proved by no more than a preponderance of the evidence it would cause such a doubt as to some material fact in the prosecution. But whether a greater or a less weight of evidence be required, whenever the defense is so proved that a reasonable doubt is caused as to any part of the case, the defendant is entitled to the benefit of that doubt and should be acquitted.

This we think is the true rule upon principle, and it is in accordance with the later and better considered cases. *State* v. *Hoyt*, 46 Conn., 330; *State* v. *Johnson*, 40 Conn., 136; *State* v. *Lawrence*, 57 Maine, 574; *State* v. *Jones*, 159 N. Hamp., 369; *Brotherton* v. *The People*, 75 N. York, 59; *O' Connell* v. *The People*, 87 N. York, 377; *Walker* v. *The People*, 88 N. York, 81; *Commonwealth* v. *Eddy*, 7 Gray, 583; *Commonwealth* v. *York*, 9 Met., 93; *The People* v. *Garbutt*, 17 Mich., 9; *State* v. *Marles*, 2 Ala. N. S., 43; *State* v. *Nixon*, 32 Kansas, 205; *Hopps* v. *The People*, 31 Ill., 385; *Dacey* v. *The People*, 116 Ill., 555; *Ortwein* v. *The Commonwealth*, 76 Penn. St., 414.

In the case of *Brotherton* v. *The People*, 75 N. York, 159, cited above, the court, speaking by Judge CHURCH, used the following language:—" Crimes can only be committed by human beings who are in a condition to be responsible for their acts, and upon the general proposition the prose-

cutor holds the affirmative and the burden of proof is upon him. Sanity being the normal and usual condition of mankind the law presumes that every individual is in that state. Hence a prosecutor may rest upon that presumption without other proof. The fact is deemed to be proved *primâ facie*. Whoever denies this or interposes a defense based upon its untruth, must prove it; the burden, not of the general issue of crime by a competent person, but the burden of overthrowing the presumption of sanity and of showing insanity, is upon the person who alleges it; and if evidence is given tending to establish insanity, then the general question is presented to the court and jury whether the crime, if committed, was committed by a person responsible for his acts; and upon this question the presumption of sanity and the evidence are all to be considered, and the prosecutor holds the affirmative, and if a reasonable doubt exists as to whether the prisoner is sane or not, he is entitled to the benefit of the doubt and to an acquittal."

In *The People* v. *Schryver*, 42 N. York, 1, the prisoner was indicted for manslaughter. On the trial he claimed that he acted in self-defense and that the killing was justifiable. It was held that he must produce the same degree of proof that would be required if the blow inflicted had not produced death and he had been sued for an assault and battery and had set up a justification. He must make it appear to the jury that he was justified. It is not sufficient for him to raise a reasonable doubt, neither is it necessary for him to establish his justification beyond a reasonable doubt. He must make his defense appear to the jury, availing himself of all the evidence in the case on either side.

In *Commonwealth* v. *Choate*, 105 Mass., 451, the defendant was indicted for burning a barn. The defense was an alibi. On the trial the defendant offered evidence tending to show where he was before, at, and after the time of the fire, and that he was so situated that he could not have committed the crime. The judge instructed the jury " that when the defendant sought to establish the fact that he was at a particular place at any given time, and wished them to take it

as an affirmative fact proved, the burden of proof was upon him, and if he failed in maintaining that burden the jury could not consider it as a fact proved in the case; that the burden was however upon the government to show that the defendant was present at the time of the commission of the crime, and as bearing upon that question the jury were to consider all the evidence offered by the defendant tending to prove an alibi, and if upon all the evidence the jury entertained a reasonable doubt as to the presence of the defendant at the fire they were to acquit." The charge was held to be correct. See also *State* v. *McCracken*, 66 Iowa, 569; *State* v. *Hamilton*, 57 Iowa, 596.

In the present case the defendant was charged with having unlawfully neglected and refused to support his wife. There was evidence tending to prove the marriage, and the refusal to support was not denied. The burden of proof to show the unlawfulness of the neglect was upon the State as fully as to show the neglect itself. Ordinarily the conduct of married women is such that when any husband neglects or refuses to support his wife the law itself presumes such neglect to be unlawful. Having shown the marriage and the neglect, the attorney for the State could safely rest upon that presumption. The unlawfulness was deemed to be proved *primâ facie*. And when the defendant interposed a defense based upon such misconduct of his wife as made it lawful for him to refuse to support her, it was incumbent upon him to prove such misconduct as he set up, that is, her adultery, and to prove it, as before stated, by a preponderance of evidence.

There was error in the charge of the court upon this point and a new trial must be granted.

In this opinion the other judges concurred.