STATE *vs.* RICHARD E. BLOOD.

JUNE 18, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an indictment for murder. A jury in the superior court found the defendant guilty of murder in the second degree. His motion for a new trial was heard and denied by the trial justice. The case is before us on defendant's exception to this ruling, on his exceptions to numerous rulings made by the trial justice in the course of the trial, and on certain exceptions to the charge.

The state relies entirely on circumstantial evidence to establish the guilt of the defendant. Its theory is that, on September 5, 1940, the defendant, with malice aforethought, inflicted certain injuries upon his wife at their home in the city of Pawtucket, and that she died as a result of those injuries. The defendant, who testified in his own behalf, denies the charge of the state and disclaims any knowledge of how his wife received the injuries that resulted in her death. He suggested, however, that such injuries might have been the result of an accident or self inflicted by the

wife falling or throwing herself from an upper floor of the house in which they lived. We refrain from any further reference to the facts in view of the conclusion that we are constrained to reach in this case.

A defendant in a criminal case has a right, by virtue of the common law, to the benefit of two fundamental principles: First, he is presumed to be innocent until the state proves him guilty; and second, the state must prove him guilty beyond a reasonable doubt. However heinous, revolting or cruel the act may be with which the defendant is charged, he cannot be convicted according to law unless these fundamentals are observed in substance as well as in form. If upon a fair consideration of all the evidence there is a reasonable doubt of defendant's guilt, he should be acquitted. The evidence against a defendant must not only be consistent with his guilt, but at the same time it must be inconsistent with a reasonable hypothesis that he is innocent. *State* v. *Di Noi,* 59 R. I. 348, 368.

Ordinarily the burden of proof in a criminal case is upon the state and never shifts to the defendant. Except in the case of an affirmative defense, an instruction to the jury, which shifts the burden of proof by requiring the defendant to establish his defense by a fair preponderance of the evidence, is prejudicial.

The defendant in the instant case requested the trial justice to charge as follows: "There is no duty upon the defendant in this case to explain or to satisfy you how this death occurred; the defendant has no duty on his part to show you or convince you that the death occurred by a fall or in any way; however it is the duty of the State to satisfy you beyond all reasonable doubt that the offense was committed in the manner set forth in the indictment and bill of particulars, and in accordance with the theory maintained by the State."

Near the end of his charge, the trial justice read this request to the jury and then added the following instructions: "Upon that I have this to say, that it is true and I have

already said to you that it was not incumbent upon the defendant to take the witness stand. So far as the law is concerned the defendant cannot be required to testify in his own behalf. However, if he takes the stand and if he sets up a certain theory, a certain defense, why then if he— if you are to accept that *he must prove that by a fair preponderance of the evidence*. Not beyond a reasonable doubt but by a *fair preponderance of the evidence*. Now, in this case he has, at any rate, gone on the stand and has suggested that Mrs. Blood may have fallen from the roof. He did not see her fall. But he mentioned that, according to the evidence, to some witnesses, has given it as his theory as I understand it. If that isn't so from the evidence that he has given why you take your own understanding and not mine. But he has given that as a possible theory. We now, having given that, it is proper for you and it is your duty to analyze all the evidence in connection with it. That means an analysis of the evidence relating to the screen and the window, etc. and see whether *he has proved reasonably, that is by a fair preponderance of the evidence*, that that could happen, and if it couldn't happen why you are not required, of course, to accept that theory.

"But it is for you to determine whether he has done that or not. And so while I say that the defendant is not required to take the stand, when he does take the stand and advances a certain theory, why if it is to be accepted by you he has the same responsibility of *proving* that theory that any other witness would have." (italics ours)

Defendant's exception 147 challenges the correctness of the instruction which the trial justice gave to the jury in addition to the defendant's request to charge. We know of no rule in criminal law that, in the circumstances of this case, justifies the giving of the additional instruction just quoted. The defense here is a general denial of the offense charged; it is in no sense an affirmative defense. In such a case, the overwhelming weight of authority unhesitatingly condemns as prejudicial and therefore reversible error an

instruction which tends to nullify the presumption of innocence to which the defendant is entitled, or shifts the burden of proof to the defendant to establish his innocence in, whole or in part by any degree of proof.

In its brief and its oral argument before us the state seeks to avoid the prejudicial character of the instruction under consideration in two ways. Its first contention on this point is a discussion of the evidence for the state and for the defendant, rather than a contention that the instruction in question is countenanced by law. After stating that "the court generally in his charge instructed the jury very carefully about the burden of proof beyond a reasonable doubt being upon the state", and quoting specific parts of the charge in support of such statement, the state argues as follows: "As a matter of logic and sound common sense everything the trial justice said relating to the burden of proof, including his statement in amplification of the defendant's request numbered 4, contains a clear statement of the law and must work out mathematically correct." It supports this contention with a long but incomplete quotation from *State* v. *Schweitzer,* 57 Conn. 532, at page 540, 541, without noting the type of case or the nature of the defense there under consideration.

In the *Schweitzer* case the defendant was being prosecuted for neglect and refusal to support his wife. The defendant, *admitting* the charge, claimed that he was not liable to the prosecution as his wife had committed adultery previously to the time when he first refused to support her. The court in that case places the burden of proving the offense charged squarely and solely on the state, saying: "Upon that issue the burden of proof is on the State from the beginning to the end of the trial; *it never shifts;* and the jury in their ultimate analysis of the *entire evidence* in the case must find, in order to convict, that all the conditions of guilt against the prisoner have been proved beyond a reasonable doubt. If the case is not so proved in every material part, then it is the duty of the jury to acquit. If

the defendant relies upon some *distinct* substantive ground of defense *not necessarily connected with* the transaction on which the information is founded, as insanity, or self-defense, or an alibi, or, as in the case at bar, the adultery of the wife, he must prove it as an independent fact." (italics ours)

The quotation from the *Schweitzer* case upon which the state relies is clearly inapplicable in the instant case as such quotation concerns only the "distinct substantive ground of defense not necessarily connected with the transaction" which the defendant, who had admitted the charge, set up as a defense. Here, the defendant did not admit but positively denied the charge, and any suggestion that his wife's death might have resulted from accidental or self-inflicted injuries was not asserted as a distinct substantive ground of defense, inconsistent with and independent of the crime for which he was on trial. The manner in which the *Schweitzer* case is used by the state reveals the strait in which it finds itself to support the instruction under consideration.

The comment that we have just made respecting the *Schweitzer* case applies with equal force to the quotation that the state has submitted to us from *Commonwealth* v. *Webster*, 5 Cush. (Mass.) 295. In that case the question before the court was the amount of proof required from a defendant under the defense of an alibi, or one closely akin thereto. No such question is involved in this case. It is therefore obvious that whatever the law may be with reference to an affirmative defense or alibi, as to which the authorities are in serious conflict, the *Webster* case also is clearly inapplicable in the circumstances of the instant case.

The state's second contention in support of the instruction about which the defendant complains is that since the trial justice had fully and correctly instructed the jury that the burden was upon the state to prove the defendant guilty beyond a reasonable doubt, "certainly the jury could not have been misled in any way by the judge's amplification of instruction numbered 4." In support of this contention

the state cites and extensively quotes from *State* v. *Thornton,* 10 S. D. 349, where, as in *Commonwealth* v. *Webster, supra,* the question before the court was to what extent the defendant must prove the defense of an alibi. However sound the reasoning of that case may be in respect to such a defense, it gives the state no support on the question before us in this case.

The remainder of the authorities relied upon by the state consists of quotations from texts, without noting the cases cited thereunder. The state in its brief emphasizes the following quotation from 1 Blashfield Instructions to Juries (2d ed.) § 320: "Even the fact that the court erroneously charged that defendant must *make out his defense by the preponderance of the evidence has been held not reversible error, where the court also charged that the jury must give the defendant the benefit of every reasonable doubt.*" Only one case, *State* v. *Taylor,* 57 S. C. 483 (1899) is cited in the footnote to this statement.

In the *Taylor* case the defendant was charged with rape. The trial justice instructed the jury that the defendant had to make out his defense of consent by "the preponderance of the evidence merely." It appears that the defendant did not challenge this instruction, but complained that the trial justice failed to instruct the jury as a part of such instruction that the burden was upon the state to prove the defendant guilty beyond a reasonable doubt. The supreme court condemned in no uncertain terms the instruction that the trial justice gave but nevertheless it overruled the exception and said, at page 489 of the opinion: "As to the *particular* error assigned in this exception, we overrule the exception because the Court fully instructed the jury to give the defendant the benefit of every reasonable doubt." (italics ours)

We have carefully examined the opinion of the court in the *Taylor* case and are in doubt whether it goes as far as the above-quoted statement from Blashfield. The scope of an exception under the practice in South Carolina is un-

known to us. It is not clear from the language of that opinion whether the exception actually before the court included the instruction that was given, which was unchallenged by the defendant, as well as what he claimed should have been given in connection therewith and in addition thereto; or whether the exception was limited to the "particular error assigned" in the exception.

If the language of the court is interpreted to mean that its conclusion overruling the defendant's exception is based on the narrowness of the "particular error assigned" by the defendant in his exception, which apparently raised only the question as to whether the trial justice should have immediately followed the instruction which he gave by a statement that the state must prove the defendant guilty beyond a reasonable doubt, the *Taylor* case is inapplicable to the instant case. By the exception before us, the defendant here challenges the entire instruction whereby, notwithstanding that his sole defense was a general denial of the offense charged, the trial justice places upon him the burden of proving by a preponderance of the evidence the suggestion of his wife's accidental death. If, on the other hand, the court's language in the *Taylor* case is interpreted as broadly as Blashfield states it in his text, then we prefer not to follow the decision in that case because it is clearly against the great weight of authority.

The remaining authorities submitted to us on this point by the state, which we have carefully examined, do not in any way support its contentions in the circumstances of this case, keeping in mind that the defense here is not an affirmative defense, but is a general denial of the offense charged in the indictment. We have also made an independent search of the authorities and, with the possible exception of *State* v. *Taylor, supra,* we have found no reported case, not governed by statutory provisions, that supports the state in its contention that the instruction under consideration did not constitute prejudicial error. On the contrary, we have found the case of *Commonwealth* v. *Kluska,*

333 Pa. 65, which is illustrative of the great weight of authority against the contention of the state. We deem it unnecessary to cite other authorities.

In the *Kluska* case, the defendant was charged with the murder of his wife. He was found guilty of murder in the first degree and sentenced to death. The state's theory was that when the wife, who had gone to live with her mother following a quarrel with the defendant, refused to return to live with him, he threw hydrofluoric acid in her face, inflicting injuries which resulted in her death. The defendant denied that he threw the acid. His defense was that her death was accidental. He claimed that as he was about to drink the acid to commit suicide, his wife tried to prevent him from drinking it and that it spilled in his face and blinded him so that he could no longer see her or know what became of her.

The verdict of guilty of murder in the first degree was set aside and the defendant was granted a new trial for prejudicial error in the charge and on other grounds. In its consideration of the charge with reference to the burden of proof, the court expresses itself in language that reflects the overwhelming weight of authority on the point in circumstances similar to those in that and in the instant case. The following lengthy quotation from that opinion is excusable, in our judgment, by reason of the fact that it is so clearly applicable to the case at bar.

"Unconvincing as defendant's explanation of the occurrence must have appeared to the jury, he was nevertheless entitled to have it presented for their consideration according to applicable principles of law. The learned trial judge charged: 'If, by a fair preponderance of the evidence, the defendant has established that the killing was an accidental one, when the deceased, Mary Kluska, was struggling with him in the endeavor to prevent him swallowing the acid, the defendant should be acquitted.' Although this did not amount to an express statement that the burden was upon defendant to establish by a fair preponderance of the evi-

dence that the death was accidental, it clearly implied that such was the law, and was therefore erroneous. The defense that the killing was accidental is not of the affirmative type which threw upon defendant the burden of proving it, either by preponderance of evidence or otherwise; such a defense, instead of admitting the intentional act charged in the indictment, directly challenges and controverts it: *Commonwealth* v. *Deitrick*, 218 Pa. 36, 221 Pa. 7; *Commonwealth* v. *Lockett*, 291 Pa. 319, 324. No doubt the error was a mere inadvertence in the course of the charge, but it may have had a gravely prejudicial effect upon the jury, nor was it corrected by the court's further statement that 'Where the defense is accidental killing, the burden is still on the Commonwealth to prove guilt beyond a reasonable doubt,' since it would have been necessary so to charge even if the defense of accidental killing were one that had to be proved by a preponderance of the evidence."

The prejudicial error of law that led the court to grant the defendant a new trial in the *Kluska* case is far less positive in character than the one in the instant case for the following reasons. First, the error here comes near the end of the charge, thus tending to leave a final impression on the minds of the jury; second, the jury was definitely instructed that the defendant "must prove" his suggestion of accidental death by a fair preponderance of the evidence; and third, the trial justice strongly emphasized this instruction when he repeated it three times in close connection with one another.

In a final analysis of the state's position with reference to the instruction in question, it is clear to us that the state seeks to avoid the prejudicial character of such instruction by the sweeping statement that the evidence in the case was so convincing that "certainly the jury could not have been misled in any way by the judge's amplification of instruction numbered 4."

A similar argument was apparently made by the state in the case of *Commonwealth* v. *Petrillo*, 338 Pa. 65. There

the defendant appealed from a sentence of death imposed upon him after he was convicted of murder in, the first degree upon an indictment charging him and Stella Alfonsi with the willful and malicious killing of the latter's husband by arsenical poisoning. The court, finding prejudicial error in the admission of testimony, ordered a new trial and, at page 97 of the opinion, says with emphasis: "In ordering a new trial in this case we are not holding that there was not sufficient competent evidence offered to warrant a conviction, but we *are* holding that there was such an admixture of competent and *in*competent evidence in the testimony admitted as to deprive the defendant of the fair and impartial trial which every accused in an *American* court of justice is entitled to. It is the duty of the appellate courts to see to it that *every defendant* gets such a trial."

The court then quotes the following passage, on page 97 of the opinion, in *Logue* v. *Commonwealth,* 38 Pa. 265, 269: "It was suggested on the argument here, that even if there was error in the particulars discussed, it did the prisoner no harm, as the jury found him to be guilty of a wilful, deliberate, and premeditated murder, and therefore the law of self-defense could have no application to his case. This suggestion is more plausible than sound. It would be very unsafe to prove the accuracy of all the steps in a trial by the result of the verdict. Who can tell what the result might be in any given case where there is error in some of its parts. The result might be accurate, but it would probably be accidental. The law does not conclude parties and rights upon such uncertain grounds."

Similarly, in the instant case there would be considerable force to the state's argument if, in dealing with the exception before us, we were warranted first, in considering the evidence wholly apart from the charge, and then, if such consideration showed that the defendant was guilty beyond a reasonable doubt, in concluding that the instruction of the trial justice in question was not prejudicial. The state well knows that we can proceed in no such manner. The

point presented to us by the defendant's exception is strictly and solely one of law. The determination of the validity of that exception depends in no way upon a consideration by us of the character or weight of the evidence. The defendant was entitled as of right to have the jury pass on the evidence, in the first instance, in the light of correct instructions.

Unfortunately the trial justice, in giving and reiterating the instruction under consideration, violated a fundamental right of the defendant in the circumstances of this case. In all probability he fell into this error through inadvertence, but this is no reason for us to disregard the defendant's rights under the law. The error was basic and prejudicial. We, like the Pennsylvania court in *Commonwealth* v. *Kluska, supra,* are constrained by force of law to hold that because of such error the defendant was not convicted according to law. In view of this unavoidable conclusion, we need not consider defendant's other exceptions.

The defendant's exception 147 is sustained, and the case is remitted to the superior court for a new trial.

*John H. Nolan,* Attorney General, *James O. Watts,* Special Counsel, for State.

*Benjamin Cianciarulo,* Public Defender, *Francis A. Monti,* for defendant.