THEODORE S. BARNES *et al. vs.* N. ROY & SON.

APRIL 25, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Equity. Plea in Justification. Repeal of Statute.*

Where a plea to a bill in equity set up in justification of the acts complained of a statute, which statute was, after the filing of the plea and before final hearing of the cause, repealed, the plea falls with the statute, and the bill would stand as if unanswered.

(2) *Equity. Adequate Remedy at Law.*

A bill seeking to restrain the respondents from competing with the complainants in business, and from otherwise violating the rights of the complainants under an exclusive contract between them and a municipal corporation, and seeking also to recover damages from the respondents, will not be retained for the purpose of awarding damages, since the complainants have an adequate remedy at law.

(3) *Equity. Pleas. Answers.*

While under ordinary circumstances, a plea having been overruled, the bill would be remanded to the Superior Court with instructions to enter decree for the relief prayed, yet, where the defence attempted to be interposed by the plea has been taken away, pending suit, by act of the General Assembly, the respondents should have an opportunity to answer.

BILL IN EQUITY seeking the relief set forth in the bill.

PARKHURST, J.   The complainants, June 18, 1904, filed their bill of complaint against the respondents to restrain them from competing with the complainants in the business of "picking up, transporting, and removing over, upon, and through the streets and highways of the city of Providence, any condemned meats or carcasses of dead animals not slaughtered and in condition for food," and from otherwise violating the rights of the complainants under an exclusive contract between them and the city of Providence for the term of five years from July 10th, 1903, for such picking up, transportation, and removal of condemned meats or carcasses.

The respondents plead that Pub. Laws cap. 1162, passed April 13, 1904, was in force and operation at the time of the commission of the acts charged against the respondents in the complainants' bill of complaint; the statements of the plea are as follows:

" That by an act of the General Assembly of the State of Rhode Island, passed April 13, 1904, and numbered Chapter 1162 of the Public Laws of Rhode Island, entitled An Act in Amendment of and in Addition to Chapter 91 of the General Laws, entitled 'of Nuisances,' it is enacted that 'The owner of any dead animal may sell the carcass of the same to any purchaser, and said purchaser shall have the right to remove said carcass in a proper manner through the streets and highways of any city or town to the place where said carcass is to be buried or otherwise disposed of;' and that said statute was in effect and operation at the time of the commission of the acts charged against said defendants in said complainants' bill."

The cause was set down for argument on this bill and plea, September 19, 1904, and was thereafter heard thereon before the Appellate Division of the Supreme Court; but owing to the death of the late Chief Justice Tillinghast, and consequent changes in the composition of the court, the case was not decided before the change in the judiciary system, whereby the appellate division ceased to exist and the present jurisdiction of the Supreme Court was established; the case was therefore

ordered to stand for re-argument before this court, and was submitted on briefs, with very short oral arguments, on April 16, 1906.

(1)    While the cause was pending before this court, awaiting such re-argument, the parties, by agreement filed April 5, 1906, attempted to amend the bill of complaint by inserting in the prayers of the bill a prayer "that the complainants be awarded their just damages and costs;" but no other amendment was attempted to be made· in the bill setting forth anything in detail, as to any pecuniary damages actually suffered by the complainants by reason of any acts of the respondents; and the bill does not set forth any damages suffered by the complainants other than in such general terms as, if proved,would warrant an injunction.

Meanwhile, and after the hearing of this cause before the appellate division, said chapter 1162 of the Public Laws, upon which said plea was founded, was repealed by chapter 1234 of the Public Laws, passed April 28, 1905.

In regard to said plea, it will be first observed that as the plea is framed it does not state a justification for the acts complained of, inasmuch as it does not state that the respondents, pursuant to said  chapter 1162, purchased any dead animal of the owner and removed the same in a proper manner, etc., as set forth in the act; the plea simply says that the "said statute was in effect and operation at the time of the commission of the · acts charged," etc., so that it is evident that the plea might be true in fact and yet be no justification for any interference with the rights of the complainants; the plea should, therefore, have been overruled on this account.

But even if the plea had  been properly framed, as chapter 1162 was afterwards repealed prior to the final hearing of the cause, the plea falls with the statute, and the bill of complaint now stands as if unanswered, and liable to be taken *pro confesso;* and the complainants would be entitled to a decree for an injunction as against any future threatened violation by the respondents of their rights under their contract with the city of Providence.

(2)    The complainants, however, now seek to retain the bill,

as amended, for the purpose of proving and recovering damages against the respondents for past interference with their rights. As above shown, we do not think the bill alleges damages in sufficient detail to allow proper proof for recovery of the same, but only to show damage in such general way as would warrant an injunction. Even if it did set forth substantial damage in detail, a court of equity would not, under such a case as this, entertain the suit for the purpose of awarding damages. It is a simple case of a claim for damages as to which there is a plain and adequate remedy at law, if at all, and as to which the respondents have a right to a jury trial if they wish such trial; and the bill can not be retained for that purpose.

(3)    Ordinarily, under these circumstances, the plea having been overruled, the bill would be remanded to the Superior Court, with instructions to enter a decree for an injunction as prayed. But, inasmuch as the defence attempted to be interposed by the respondents has been taken away, pending suit, by act of the General Assembly, we think the respondents should have an opportunity to answer if they see fit.

The case will, therefore, be remanded to the Superior Court, with instructions to allow the respondents to answer the bill, if they see fit, within a limited time; and if the respondents then do not answer, to enter a decree for an injunction, with costs, as prayed in the bill; and that the bill can not be entertained for the purpose of awarding damages.

*John W. Hogan and Philip S. Knauer*, for complainants.
*James L. Jenks*, for respondents.