ALLEN & REED, Inc. *vs.* ERNEST RUSSELL.

February 17, 1912.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

*(1) Bills of Exceptions. Accident or Mistake.*

A transcript of testimony which had been sent by express by the stenographer did not reach defendant until the time fixed for filing same had expired. Defendant did not apply for an extension of time.

*Held,* that it was not a case of accident or mistake, and defendant's petition for leave to file his bill of exceptions would be denied.

PETITION for leave to file bill of exceptions. Heard on motion of plaintiff to dismiss petition and granted.

PER CURIAM. This is the defendant's petition for leave to file and prosecute his bill of exceptions, his claim being that he has been prevented from filing the same at the time fixed therefor in the Superior Court, through accident, mistake and unforeseen cause. The time fixed for filing said transcript was originally July 17, 1911, and the time had been extended to July 29, 1911. The defendant sets out in his petition that through accident, mistake and unforeseen cause the transcript of the testimony sent by the court stenographer by express, did not reach defendant's attorney

till July 31, 1911, too late to be filed according to the order of the court; that he filed said transcript on August 2, 1911, and his exceptions on August 5, 1911, in the clerk's office of said court; that for the above reasons said testimony and his bill of exceptions could not be allowed by the trial judge according to law, in consequence of which he has been deprived of the opportunity to prosecute his bill of exceptions in this court.   In these circumstances we cannot say that the defendant has lost the opportunity to prosecute his bill of exceptions through accident, mistake, or unforeseen cause. The right to a review by bill of exceptions is contingent upon a diligent observance of the conditions imposed by the statute.   Gen. Laws, 1909, cap. 298, Sections 17 to 24, inclusive. This case does not differ in principle from *Jackvony* v. *Colaluca*, 29 R. I. 441.   There the stenographer assumed that defendant's attorney would obtain a further extension of time, and the attorney assumed that the stenographer would attend to the matter.   In consequence, nothing was done and the defendants lost the privilege of prosecuting their exceptions.   In this case the defendant's attorney was not obliged to wait for the transcript until the time for filing had expired.   He could have applied to the justice who presided, or indeed to any justice of the Superior Court, for an extension of time beyond July 29, 1911, and if he had not received the transcript in time to file on said date, it was his duty to apply for such extension.

The plaintiff's motion to dismiss the defendant's petition is granted, and said petition is denied and dismissed.

*James B. Littlefield*, for plaintiff.

*Peter J. Quinn*, for defendant.