## T. W. Lind Company *vs.* Nu–Fastener Company.

### DECEMBER 19, 1919.

Present:   Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1)   *Bill of Exceptions.   Filing Transcript after Extension of 'Time.*

Where an extension of time has been made for the filing of a transcript, the terms of the order of extension must be strictly complied with, and the transcript must be filed in court on or before the date fixed for such filing by the order of extension.

The distinction between appeals in law and appeals in equity in relation to filing of transcript after an extension of time, which has been established;. approved.

Assumpsit.   Heard on petition of plaintiff to establish truth of bill of exceptions and denied.

### RESCRIPT.

The original action in this case was in assumpsit.   After trial by a jury a verdict was found in favor of the plaintiff which was subsequently on motion of the defendant set. aside and a new trial was ordered by the trial justice.

The plaintiff duly filed notice of its intention to prosecute its bill of exceptions, ordered a transcript of the testimony and made the deposit therefor as required by the provisions. of Chapter 298, Section 17, Gen. Laws, 1909.

The court stenographer was directed by the court to deliver the transcript of testimony to the plaintiff or its. attorney on or before February 21, 1919, and it was also ordered that the bill of exceptions and transcript of testi-- mony should be filed in the office of the clerk of the Superior Court on or before March 3, 1919.   Thereafter on the 13th of February, 1919, the time for filing the transcript of testi- mony was extended by the trial court to April 2, 1919 and on April 1, 1919 the time for filing the transcript in the office of the clerk of the court was extended to April 9, 1919. The court stenographer delivered the transcript to the plaintiff before said 9th day of April but the transcript was not filed in the office of the clerk on or before April 9, but was filed by the plaintiff with its bill of exceptions on April. 19, 1919.

At the hearing on the question of the allowance of the bill of exceptions and transcript, upon objection thereto by the defendant, the trial justice refused to allow the bill and transcript for the reason that the transcript had not been filed on or before April 9.

The case is now before this court on the petition of the plaintiff to establish the truth of the bill of exceptions, etc., (Chap. 298, Sec. 21, Gen. Laws). The sole question is, was the filing of the transcript in the office of the clerk of the Superior Court within ten days after the time limited by the court for filing the same a proper compliance with the statutory provisions relating to bills of exceptions.

(1) In the case of *McLean Co.* v. *Wheelwright,* 31 R. I. 562, which was decided by this court in 1910, it was held in an action at law that where an extension of time has been made for the filing of a transcript the terms of the order of extension must be strictly complied with and that the transcript must be filed in court on or before the date fixed for such filing by the trial justice or the party would be in default.

Many cases, to which it is unnecessary to refer more particularly, have been before this court since the decision above mentioned was rendered and the decision referred to has been affirmed and followed.

The plaintiff now seeks to have this long line of decisions overruled and the established practice of years changed. In support of its contention it cites the case of *Hawkins* v. *Co-Operative Building Association,* 33 R. I. 39, in which this court construed certain provisions of the statutes relating to appeals in cases in equity (Chap. 289, Sec. 26, Gen. Laws), and argues that in view of the similarity of the statutory provisions for appeals in equity causes and the procedure by bills of exceptions it was the intention of the legislature to provide substantially the same procedure in law and equity for taking a case to this court for review.

In the *Hawkins* case it was held that in equity appeals, in which the time for filing the transcript has been extended by the court, the transcript may properly be filed at any

time within ten days after the expiration of the extended period. It is true that the authority to extend the time for filing the transcript, both in law and equity causes, is derived from the same statute, Chap. 278, Sec. 4, Gen. Laws, and that the order for the extension in each class of cases may be and usually is made in the same form. In the circumstances it is argued that to hold in law cases the transcript must be filed within the extended period, whereas in equity causes the transcript need not be filed until ten days thereafter is inconsistent and creates unnecessary confusion in appellate procedure. Although this argument is not without some force yet from a consideration of the entire provisions relative to the two classes of appeals we think that sufficient reason is found therein for the decisions above referred to. The main provisions for appeals in law and equity are found in different parts of the statutes and the procedure prescribed in the two cases differs in many respects.

In the appeal in equity which must be taken within thirty days after entry of final decree, the appellant must file his claim of appeal with the reasons thereof in the office of the clerk of the court and at the same time file a request to the court stenographer for such transcript as may be required and make deposit; in the procedure by bill of exceptions the appellant within seven days after verdict or notice of decision of a motion for new trial must file a notice of his intention to prosecute a bill of exceptions together with a request for the transcript and deposit and in the case of an extension of time for filing his transcript, the statute provides that within ten days after the expiration of such extended time he shall file in the office of the clerk of the Superior Court his bill of exceptions, in which he shall state separately and clearly the exceptions relied upon.

In the equity cause the reasons of appeal must be filed first and without reference to the transcript, whereas in the appeals at law the preparation and delivery to counsel in the first instance and in the case of an extension of time the filing of the same in court, is antecedent to the filing of the

bill of exceptions, and in this latter case the time limit set by the court must be strictly observed. The distinction between the two classes of appeals was approved by this court in the case of *Allen & Reed, Inc.* v. *Russell,* 81 Atl. Rep. 438, decided subsequent to the decision in the *McLean* case and affirmed in *Same* v. *Same,* 33 R. I. 422.

The construction of the statutes in question and the determination of the difference in the requirements in regard to the time of filing the transcript in the two classes of appeals was thus established and the practice has since been affirmed in numerous cases and counsel in this case must have known of the rule. It is desirable, as argued, that the procedure by appeals should be made reasonably simple and as nearly uniform as is consistent with the different character of the appeals but as the construction of the statutes in question has been made by the court for reasons which in the opinion of the court warranted such construction, we see no sufficient reason for reopening the question of construction and changing without adequate and compelling cause rules of procedure which have been long settled and which have been applied in numerous cases. If a change is desirable such change should be made by legislative rather than by judicial action.

As the plaintiff is in default (Chap. 298, Sec. 18) there was no error in the action of the trial court and the petition of plaintiff is therefore denied and dismissed.

*Wilson, Churchill & Curtis,* for plaintiff.

*Edward C. Stiness, Daniel H. Morrissey,* for defendant.