DANTE RUSSILLO *vs.* AUGUSTUS AMBROSINO *et al.*

FEBRUARY 21, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Per Curiam. This case is before us on the exception of one of the defendants, Augustus Ambrosino, hereinafter called the defendant, to a decision of the superior court granting the plaintiff's motion for the entry of judgment against him.

It appears that plaintiff brought an action in assumpsit to recover a certain deposit or first payment of $900 which he alleges he made to the defendant under a contract whereby the latter agreed to construct a house, in accordance with certain specifications, on a lot owned by defendant and to deliver the same ready for occupancy within three months. A receipt and partial memorandum of the agreement was signed by defendant on April 19, 1949. However, when he had not commenced building operations by the first part of the following July and had not obtained any permit to begin such construction, thus making compliance with the alleged contract impossible, plaintiff then demanded the return of his deposit.

Following defendant's refusal to return the money this action was commenced in the district court. Apparently he sought to justify his conduct on the ground that the

contract contained no time limit for completion. After a trial, wherein defendant was represented by an attorney, a decision was rendered for the plaintiff, and defendant through his attorney claimed an appeal to the superior court.

Before trial in that court defendant discharged his attorney of record and insisted upon conducting his own defense. The case was then tried *de novo* in the superior court before a jury which returned a verdict for the plaintiff against this defendant, and thereafter his motion for a new trial was duly heard and denied.

Thereupon the defendant filed a notice of intention to prosecute a bill of exceptions, but made no deposit with the clerk of the superior court for the estimated cost of a transcript of the evidence in accordance with general laws 1938, chapter 542, §5. No transcript or bill of exceptions was filed and allowed by the trial justice within the period fixed by the court, and no extension of that time or new fixing was made. The plaintiff then filed a motion that judgment be entered against the defendant in accordance with G. L. 1938, chap. 542, §6. At the hearing thereon, according to defendant's brief, the court offered to continue the case until he could obtain an attorney who could better present arguments on the technical law involved, but defendant rejected the offer and insisted upon presenting his own case at that time. The plaintiff's motion was heard and granted and defendant's bill of exceptions solely to that decision is now before us.

It is clear that after the denial of defendant's motion for a new trial he did not comply specifically with the terms of the statute relating to bills of exceptions as required by G. L. 1938, chap. 542, §5. These provisions have been held to be conditions precedent to be diligently complied with in order to have a bill of exceptions reviewed by this court. *Allen & Reed, Inc.* v. *Russell*, 33 R. I. 422. In the event of noncompliance therewith the superior court is authorized under §6 of that chapter to enter judgment as

if notice of intention to prosecute a bill of exceptions had not been filed. In the instant case although defendant originally filed such a notice he did not order and file the transcript; and in any event he has never filed a proper bill of exceptions and transcript and had them allowed in accordance with the requirements of the statute. The default left him in the same position as if he had never filed a notice of intention to prosecute a bill of exceptions, and the plaintiff's motion for entry of judgment was in order. *T. W. Lind Co.* v. *Nu-Fastener Co.*, 43 R. I. 31.

The defendant claims, however, that he had previously purchased a transcript of the evidence directly from the court stenographer before the hearing on his motion for a new trial and that he should not be required to conform to the provisions of the law which he did not know. Assuming that in the circumstances it was possible to excuse him from compliance with provisions relating to the ordering of a transcript, he could not be exempted from filing the transcript, having it allowed, and filing of record a proper bill of exceptions as required by the statute.

If defendant finds himself at a disadvantage because of his failure to know and comply with plain provisions of the law, as he now argues, he has only himself to blame. It is clear from his own brief that on each of two occasions he rejected the offer of the superior court for a continuance to permit him to obtain an attorney and insisted upon his right to carry on his own defense without any such continuance. A similar opportunity was offered to him in this court but was rejected.

After a consideration of the instant bill of exceptions and the pertinent arguments on the sole issue which is before us, we are of the opinion that the decision of the trial justice on the plaintiff's motion for entry of judgment was correct.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment as ordered.