261 A.2d 649.

FRANK COLAVECCHIO *vs.* GEORGE HOULE *et ux.*

FEBRUARY 5, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This case is before us on the appeals of the plaintiff and the defendants from a judgment entered in the Superior Court on January 6, 1969.

About 17 years ago plaintiff, Frank Colavecchio,[1] since deceased, brought an action in assumpsit against defendants for extra work allegedly performed in the construction of a house. The case was started by a writ of attachment which attached all the right, title and interest of defendants in certain real estate in West Warwick. The writ, which is dated March 13, 1952, was served on March 18, 1952. It has an ad damnum of $3,000. After the pleadings were

---

[1]After the commencement of the action. Frank Colavecchio died. On March 22. 1954, his widow. Albertha Colavecchio, as administratrix of his estate, was substituted as party plaintiff.

closed, the case was heard on July 6 and 7, 1954, by a justice of the Superior Court sitting without a jury. On October 5, 1954, he rendered a written decision awarding plaintiff the sum of $644.

On October 11, 1954, pursuant to the provisions of the statute then in effect, G. L. 1938, chap. 542, §§5 and 6, defendants filed an exception to such decision and a notice of intention to prosecute a bill of exceptions and asked the court to fix the time within which defendants should file their bill of exceptions, transcript of evidence, etc. On October 18, 1954, a justice of the Superior Court assigned December 18, 1954, as the date for the filing of the bill of exceptions and transcript of the evidence. The defendants filed a request for a transcript of the evidence, rulings, instructions, etc. and deposited $50 for the estimated cost of the transcript. The record also contains a document that on November 12, 1954, defendants' then attorney received a copy of the transcript.

The defendants took no further action to perfect their appeal in accordance with the statute then in effect. In fact, nothing happened after October 11, 1954, until October 16, 1968, some 14 years later, when defendants' present counsel filed a stipulation entering his appearance for defendants. On November 2, 1968, their original counsel filed a stipulation withdrawing as their counsel.

On November 19, 1968, plaintiff filed a motion wherein she alleged in substance that defendants had defaulted in prosecuting their bill of exceptions in accordance with the procedure prescribed in G. L. 1938, chap. 542, §5. She moved "* * * for entry of judgment pursuant to Chapter 542, Section 6 of the General Laws of 1938, nunc pro tunc October 12, 1954, with interest and costs from that date."

On November 26, 1968, defendants filed a paper entitled "Motions." They allege therein that the damages in the case are fixed at $644, the amount of the decision; that the

ad damnum of $3,000 laid in the original writ was grossly excessive; that the real estate attached upon the original writ greatly exceeds in value the sum of $644; and that no judgment has been entered in the case. They moved:

1. "* * * that the damages herein be reduced to $644.00 and that the attachment of the real estate also be reduced to $644.00.

2. "* * * that this court refuse to enter judgment in the case on the ground that both plaintiff and her attorney have abandoned this case in pais because * * *." (They state the reasons on which they base their claim of abandonment.)

3. That the court rule that "* * * plaintiff has waived the entry of judgment on the decision of the Court made fourteen years ago; or, that plaintiff is estopped from proceeding to judgment and that she did not intend to have judgment entered in this case."

After hearing arguments of counsel the trial justice rendered a decision on the basis of which a judgment was entered on January 6, 1969, ordering that:

"1. Plaintiff's motion for entry of judgment nunc pro tunc October 12, 1954 is denied and dismissed.

"2. Defendants' motion that the damages herein be reduced to $644.00 and the attachment on the real estate also be reduced to $644.00 is granted and judgment is entered for the plaintiff in the sum of $644.00, no interest and no costs.

"3. Defendants' motion that the court refuse to enter judgment in the case on various grounds is denied."

The issues raised by these appeals are not complicated. G. L. 1938, chap. 542, §§5 and 6, the law in effect in 1954, is controlling here. Section 5[2] spells out the procedure to

---

[2]"§5. Any person or party who has taken exceptions in the superior court may prosecute a bill of exceptions to the supreme court by taking the following procedure:

"*First*. Within 7 days after a verdict or notice of decision, but if a motion for a new trial has been made. then within 7 days after notice of decision thereon, he shall file in the office of the clerk of the superior

be followed in prosecuting a bill of exceptions by any person or party who has taken exceptions in the Superior Court. Section 6 explains the effects of compliance, or failure to comply, with the requirements of §5. It reads as follows:

"§6. In case the procedure aforesaid has been taken judgment shall be stayed; but, subject to the provisions of §5 of this chapter, in case of any default in taking such procedure, judgment shall be entered as if notice of intention to prosecute bill of exceptions had not been filed, and with or without additional cost as the courts may deem proper."

In our judgment the determination of the issues raised by these appeals is governed by the law in effect at the time the decision was entered and defendants filed their notice of intention. Their failure to perfect their appeal

court notice of his intention to prosecute a bill of exceptions to the supreme court together with a written request to the court stenographer for a transcript of so much of the testimony as may be required, and shall deposit with the clerk the estimated fees for transcribing such testimony as may be required. The filing of such notice and making of such deposit shall stay judgment until further order of the court.

"*Second.* Within such time as the court shall fix, whether by original fixing of the time, or by extension thereof, or by a new fixing after any expiration thereof, he shall file in the office of the clerk of the superior court his bill of exceptions, in which he shall state separately and clearly the exceptions relied upon; but no exception shall be stated therein to any ruling or decision upon any question of law theretofore certified to and decided by the supreme court in the cause. In case judgment shall have been entered in the cause, the superior court shall have power to vacate such judgment upon compliance with such terms as to counsel fees, costs and otherwise, as said court shall order, and thereupon grant an extension of time for filing a transcript and bill of exceptions as hereinbefore provided. If exceptions shall be founded upon evidence and rulings thereon, or upon findings or decision of the court, or to instructions of the court to the jury, or to a decision upon a motion for a new trial on the ground that the verdict is against the evidence or the weight of evidence, or for newly discovered evidence, he shall file in the office of the clerk, with his bill of exceptions, a transcript of the evidence and the rulings thereon, and of the instructions to the jury, or so much thereof as may be necessary for the determination of the exceptions. The supreme court may allow amendments to a bill of exceptions or transcript of testimony. Notice of the filing of a bill of exceptions shall not be required."

in accordance with the requirements of §5 left them in the same position as though they had never filed their notice of intention. *Russillo* v. *Ambrosino*, 78 R. I. 42, 78 A.2d 854. See also *Barber Vehicle & Motor Co.* v. *Noel*, 87 R. I. 460, 143 A.2d 281, and *Sormanti* v. *Deacutis*, 77 R. I. 507, 77 A.2d 919. The decision of the trial justice rendered on October 5, 1954, ripened into judgment on the seventh day following the day of the rendition of the decision, namely, on October 12, 1954, and judgment should have been entered as of that date.[3] See G. L. 1938, chap. 535, §1. On this record plaintiff was entitled to entry of judgment for $644 as of October 12, 1954.

On January 6, 1969, in accordance with the decision of the trial justice disposing of the motions filed by the parties, a judgment for plaintiff for $644 was entered, with no interest. The plaintiff contends that the ruling doing away with interest is error. We agree.

General Laws 1938, chap. 484, §2 (now G. L. 1956, §9-21-9), the statute in effect in 1954, in pertinent part, reads as follows:

> "* * * decisions * * * ascertaining amounts due from party to party by way of debt or damages, shall, insofar as confirmed by judgment * * * draw interest on such debt or damages; if a * * * decision, from the time the same is rendered * * *."

This section, which is clearly mandatory, is controlling here. Under its provisions the trial justice lacked authority to rule that there would be no interest on the judgment for $644.

We have considered the defendants' contention that the trial justice erred in applying the statute in effect in 1954 and find it so lacking in merit as to require no further dis-

---

[3]Under the practice and customs which developed in this state, the judgment was automatically entered by the clerk's office when the prevailing party requested an execution. It was then entered as of the time specified in the statute, if it had not already been entered by that office.

cussion. *Barnes* v. *N. Roy & Son,* 27 R. I. 534, 65 A. 277, is inapposite. Nor are we persuaded by their arguments that the plaintiff's appeal should have been dismissed for lack of prosecution or on the ground that there has been an abandonment.

The appeal of the defendants is denied and dismissed, the appeal of the plaintiff is sustained, and the case is remitted to the Superior Court for entry of judgment in accordance with this opinion.

*Robert R. Afflick,* for plaintiff.

*Fergus J. McOsker,* for defendants.