UNITED STATES of America,
Plaintiff-Appellee,

v.

Kenneth HANSBROUGH, and John Rolls,
Defendants-Appellants.

No. 71–1009
Summary Calendar.\*

United States Court of Appeals,
Fifth Circuit.

Oct. 6, 1971.

Peter M. DeManio, Orlando, Fla. (Court appointed), for Hansbrough and Rolls.

John L. Briggs, U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Defendants-appellants Rolls and Hansbrough were convicted by a jury of conspiracy to violate and four substantive counts charging violation of 18 U. S.C. § 1952. Section 1952 prohibits the use of interstate communication facilities to operate a gambling business. We affirm.

Defendants complain, first, of the district court's refusal to instruct the jury on "reasonable hypothesis". They contend that the jury should have been instructed that circumstantial evidence, upon which the case against defendants was based, must not only be consistent with guilt but also must be inconsistent with innocence. In answer to a similar contention this Court has said:

Although the 'reasonable hypothesis' test is to be applied by the court in assessing circumstantial evidence, Hale v. United States, [5 Cir. 1969, 410 F.2d 147] * * * ; Harper v. United States, [5 Cir. 1969, 405 F.2d 185] * * * ; Montoya v. United States, [5 Cir. 1968, 402 F.2d 847] * * * ; Vick v. United States, [5 Cir. 1954, 216 F.2d 228] * * *, a

\* [1]  Rule 18, 5 Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

specific instruction to the jury relative thereto has been disparaged by the Supreme Court. In Holland v. United States, [1954] 348 U.S. 121, 139–140, 75 S.Ct. 127, 137, 99 L.Ed. 150, the Supreme Court, although recognizing that there is some support for this type of instruction, said, '[B]ut the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect. * * *'

United States v. Kolsky, 5 Cir. 1970, 423 F.2d 1111, 1113. The court below adequately instructed the jury on "reasonable doubt", and in the circumstances of this case the failure to instruct on "reasonable hypothesis" was not error.

■ Next, defendants object to the admission of certain alleged hearsay testimony. The court below, over objection, allowed a witness to testify that he received telephone calls where a message was left to call "Chuck" or "John". This, the defendants contend, was impermissible hearsay testimony used to establish the identity of the caller without sufficient corroborating circumstances. A review of the testimony, however, reveals that the statement was not offered to prove the truth of the matter asserted therein (i. e. the identity of the caller) but rather was offered merely to establish that the call was made. As such, the statement was offered to prove a "verbal act" and was not excludible as hearsay. See Overton v. United States, 5 Cir. 1968, 403 F.2d 444, 447.

■ The trial judge denied defendant Rolls's motion for severance. This denial is assigned as error.

The grant or denial of severance is a matter within the sound discretion of the trial judge, whose discretion will not be overturned unless there is an affirmative showing, not simply an allegation, of an abuse of discretion and that a miscarriage of justice occurred. United States v. Seay, 5 Cir. 1970, 432 F.2d 395, 403. Neither the record nor the briefs support a claim of abuse of discretion. See Leach v. United States, 5 Cir. 1968, 402 F.2d 268, cert. den'd 393 U.S. 1082, 89 S.Ct. 864, 21 L.Ed.2d 775 (1969); Blachly v. United States, 5 Cir.1967, 380 F.2d 665.

■ Finally, the defendants complain of the district court's refusal to grant a motion of judgment of acquittal as to Counts III and IV. The application standards are clear.

"In considering the motion for judgment of acquittal, F.R.Crim.P. 29(a), the District Judge must consider the evidence in the light most favorable to the Government, McFarland v. United States, 5 Cir. 1960, 273 F.2d 417; United States v. Carter, 6 Cir. 1963, 311 F.2d 934, together with all interferences which may reasonably be drawn from the facts, Cartwright v. United States, 10 Cir. 1964, 335 F.2d 919. The determining inquiry is whether there is substantial evidence upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt."

Blachly v. United States, 5 Cir. 1967, 380 F.2d 665, 675. See United States v. Crane, 5 Cir. 1971, 445 F.2d 509; United States v. McGlamory, 5 Cir. 1971, 441 F.2d 130; United States v. Robertson, 5 Cir. 1971, 417 F.2d 873. Viewing the evidence in the light most favorable to the government, Glasser v. United States, 1941, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, there was substantial evidence from which a jury might reasonably conclude that the defendants were guilty beyond a reasonable doubt of the crimes charged in Counts III and IV. The denial of the motion for judgment of acquittal was therefore proper.

Affirmed.