284 A.2d 588.

STATE *vs.* ALFRED A. FORTES, JR.

DECEMBER 23, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. Alfred A. Fortes, Jr. was tried and convicted before a Superior Court justice sitting without a jury on an indictment charging him with unlawful possession and control of dexamyl, a barbiturate, in violation of G. L. 1956 (1968 Reenactment) §21-29-3(d). He was sentenced to serve a term of two years, but execution was stayed and

he was admitted to bail on personal recognizance pending the prosecution of a bill of exceptions to this court.

Following oral arguments in this court, we examined the record and ascertained that the case had been transmitted here by the clerk of the Kent County Superior Court, even though a bill of exceptions had not been filed and the transcript of the testimony had not been allowed. The question now is what should we do with the case. If the only deficiency were that the record had come here without the transcript having first been allowed, we would hold the case until its truth had been established in this court as provided for by G. L. 1956 (1969 Reenactment) §9-24-22; then, depending on the circumstances, we would either take the case on the briefs, or order reargument. *State* v. *Raposa,* 108 R. I. 4, 271 A.2d 463 (1970); *Warwick Municipal Employees Credit Union* v. *McAllister,* 100 R. I. 268, 214 A.2d 380 (1965); *Spearing* v. *Silverman,* 100 R. I. 110, 211 A.2d 629 (1965); *State* v. *Brown,* 99 R. I. 582, 209 A.2d 705 (1965).

In this case, however, the deficiency is far more serious—there is neither a bill of exceptions nor any jacket entry stating that one was filed.[1] Generally, the filing of a bill of exceptions in the manner prescribed by §9-24-17 has been considered a condition precedent to review in this court, and an appellant who failed to file was deemed to be in the same position he would have been in had he not noticed

---

[1] On the reverse side of the jacket appears the following certification:

"9 July 1970         Clerk's Office         Kent County Superior Court
    "I hereby certify that the enclosed, Transcript, Defendant's Bill of Exceptions and ten copies of same. [*Sic*] Also Exhibit #1 attached, are all of the papers in the within entitled case, certified to the Honorable Supreme Court on the Defendant's Bill of Exceptions.

"s/ Daniel J. Shea, Clerk."

Notwithstanding that certification a thorough search of the papers in the case fails to disclose a bill of exceptions.

his intention to prosecute a bill of exceptions. *Russillo* v. *Ambrosino*, 78 R. I. 42, 45, 78 A.2d 854, 855 (1951).

Notwithstanding the general rule, we are reluctant to take such drastic action where defendant's liberty is at stake without first affording him an opportunity to be heard. The case therefore is reassigned to the current argument calendar for March 6, 1972. Briefs and arguments shall be confined to the question of what consequences flow from the defendant's failure to file a bill of exceptions.

It is so ordered.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Henry Gemma, Jr.,* Special Asst. Attorney General, for plaintiff.

*Norman E. D'Andrea,* for defendant.