293 A.2d 506.

STATE *vs.* ALFRED A. FORTES, JR.

JULY 24, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   Alfred A. Fortes, Jr., was tried before a Superior Court justice sitting without a jury on an indictment which charged him with unlawful possession and control of dexamyl, a barbiturate, in violation of G. L. 1956 (1968 Reenactment) §21-29-3(d).   After being found guilty, he ap-

pealed.[1]  We reverse because in our judgment the evidence was insufficient to support a finding of guilt.

All of the direct evidence in the case came from prosecution witnesses, defendant having rested at the conclusion of the state's case.   On the evening of February 26, 1969, defendant was a passenger in a 1963 Chevrolet convertible which was operated by Mrs. Joanne Keefe and was registered in her husband's name.   The erratic manner in which that vehicle was proceeding along the highway attracted the attention of two police officers who were sitting in a police cruiser at an intersection waiting for a traffic light to change.   As the vehicle came closer and went through the intersection the officers recognized it as one previously parked near a residence which was under police surveillance because it was frequented by "narcotics users, pushers, prostitutes, and * * * gamblers and what-have-you."   They also identified the passenger in the vehicle as Alfred A. Fortes, Jr., a person believed to be a user and a pusher of drugs.

When the traffic light changed the police pursued the Keefe vehicle but were prevented by traffic and road conditions, as well as by its erratic operation, from coming alongside and ordering the operator to pull over to the side of the road and stop.   That difficulty was obviated, however,

---

[1]When this case was first here the record failed to disclose that a bill of exceptions had been filed or that the transcript of the testimony had been allowed. Accordingly, we fixed a new hearing date and directed the parties to argue the question of whether defendant's failure to file a bill of exceptions within the time fixed by statute was fatal to appellate review. 109 R. I. 335, 284 A.2d 588 (1971). We subsequently were advised that the Kent County Superior Court clerk had understandably erred when he failed to recognize that what appeared to be a brief was in fact a bill of exceptions which had been properly filed. In the circumstances, it seemed appropriate to remand the papers to the Superior Court so that it might decide whether the bill of exceptions and the transcript should be allowed. Those matters have been attended to, the bill of exceptions as well as the transcript have been allowed, and the papers have been returned to us for disposition of the case on the merits.

when the Keefe vehicle, while attempting to negotiate a right-angle turn, skidded into a snowbank and came to rest.

The police officers then approached and ordered both the operator and the passenger to get out of the vehicle. As they alighted one of the officers examined the interior of the vehicle and observed two tablets in the bucket seat just vacated by defendant. Their size, color and shape suggested that they were dexamyl pills. The defendant was then frisked, but no drugs or weapons were found on his person. He was, however, arrested, and was subsequently tried and convicted.

In this court defendant has argued that his arrest was illegal, that the search of the Keefe motor vehicle and the seizure of what proved to be dexamyl pills were in violation of his constitutional rights, that there were several erroneous rulings during trial, and that the evidence in the case failed to establish beyond a reasonable doubt that he was guilty of the offense charged. Our conclusion that the exception embodying his final contention should be sustained makes it unnecessary for us to consider his other exceptions.

Only a few weeks ago, in *State* v. *Gilman*, 110 R. I. 207, 291 A.2d 425 (1972), we decided that to find an accused guilty of illegal possession or control of a barbiturate or a central nervous system stimulant under §21-29-3(d) requires proof of "a conscious possession of the contraband" and "an intentional control of a designated object with knowledge of its nature." The establishment of those elements, we went on to say, did not always require direct or positive testimony, but could be shown by "* * * evidence of acts, declarations or conduct of the accused from which an inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found."

A search of the record in this case fails to disclose any direct evidence which satisfies the *Gilman* standards. While there is ample testimony from which a fact finder could

rationally conclude that defendant consciously possessed or intentionally controlled the pills there is no evidence whatsoever in that record which reasonably yields to the inference that defendant knew that the pills were barbiturates. Thus, an inference to that effect would, on this record, be conjectural and speculative, rather than reasonable and rational, and proof based solely on conjecture and speculation will not support a conviction.

Moreover, even the assumption that the missing inference could properly be drawn would not assist the state inasmuch as a conviction in a criminal case is justified only if all the facts and circumstances necessary to establish guilt have been proved beyond a reasonable doubt. And a finding of guilt will be warranted only if those facts and circumstances, taken together, are not only consistent with the hypothesis that defendant was guilty, but also are inconsistent with any reasonable hypothesis that he was innocent.[2] *State* v. *Franklin*, 103 R. I. 715, 725, 241 A.2d 219, 225-26 (1968); *State* v. *Montella*, 88 R. I. 469, 476, 149 A.2d 919, 922-23 (1959); *State* v. *Blood*, 68 R. I. 160, 162, 26 A.2d 745, 746 (1942); *State* v. *Di Noi*, 59 R. I. 348, 368, 195 A. 497, 506 (1937).

---

[2]We note that our test for the sufficiency of circumstantial evidence in support of a conviction is stricter than that generally employed in the federal courts. The federal approach was set out in 1954 when the United States Supreme Court, in rejecting our rule, said that "[c]ircumstantial evidence * * * is intrinsically no different from testimonial evidence." *Holland* v. *United States*, 348 U. S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150, 166 (1954). *Holland* is generally followed in the federal circuits. 2 Wright, *Federal Practice & Procedure* §467 at 258 (1969). *See, e.g., United States* v. *Siragusa*, 450 F.2d 592, 596 (2d Cir. 1971); *United States* v. *Bartlett*, 449 F.2d 700, 705 (8th Cir. 1971); *United States* v. *Hansbrough*, 450 F.2d 328, 329 (5th Cir. 1971); *United States* v. *Stubin*, 446 F.2d 457, 465 (3d Cir. 1971); *United States* v. *Martine*, 442 F.2d 1022, 1023 (10th Cir. 1971); *Sablan* v. *People of Territory of Guam*, 434 F.2d 837, 839 (9th Cir. 1970); *Giragosian* v. *United States*, 349 F.2d 166, 168 n.2 (1st Cir. 1965).

Here the only substantial evidence linking defendant to the offense charged was the discovery of two pills on the bucket seat he occupied when he was ordered by the police to get out of the Keefe vehicle. He was neither the owner nor the operator of that vehicle and it was not in his control. There was no testimony that he knew that he had been sitting on two dexamyl pills, or that he had ever controlled or exercised any degree of possession, either constructive or actual, over them. Neither was there any testimony that he had any drugs in his possession or that he knew the pills were barbiturates.

In the light of that limited factual background, can it be said that it was any less reasonable or rational to infer that the pills were in the vehicle either without defendant's knowledge or before he became a passenegr than it was to infer that he either intentionally controlled or consciously possessed them? We think not. That being so, it becomes obvious that the circumstantial evidence essential to a conviction in this case was not incompatible with a reasonable hypothesis of innocence, and that it failed to exclude every reasonable hypothesis but that of guilt. The trial justice was, therefore, clearly wrong when he found that all of the facts and circumstances necessary to the proof of the crime charged had been established beyond a reasonable doubt.

The defendant's exception to the finding of guilt by the trial justice is sustained, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Henry Gemma, Jr.,* Special Asst. Attorney General, for plaintiff.

*Norman E. V. D'Andrea,* for defendant.