**319 A.2d 27.**

STATE *vs.* DAVID P. OLSEN.

MAY 10, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. The defendant was indicted for possession of marijuana in violation of G. L. 1956 (1968 Reenactment) §21-28-31, as amended by P. L. 1962, ch. 110, sec. 1.[1] He

---

[1]General Laws 1956 (1968 Reenactment) §21-28-31, as amended by P. L. 1962, ch. 110, sec. 1, in pertinent part, provides that "Whoever * * * is found in possession thereof * * * shall upon conviction be punished * * *."

was found guilty by a justice of the Superior Court sitting without a jury. The case is before us on the defendant's appeal.

The pertinent facts are as follows. At approximately 11:55 p.m. on the night of February 17, 1969, state police Officers Louis B. Clark and Steven E. Buss stopped a 1969 Volkswagon, bearing Rhode Island registration HT-669, for operating with one burnt-out headlight. The driver was Edward Vallee III, a juvenile at that time. There were four other occupants in the car, David P. Olsen, Wayne R. Gilman, Bruce T. Mosher and David P. Kelly. Upon stopping the car, Trooper Clark recognized Vallee who was known to him as having been associated with narcotics users. He also recognized the other four occupants as being known narcotics users. They had been previously arrested by the North Kingstown police for narcotic-related offenses.

Trooper Clark ordered Vallee to drive to the state police barracks for further investigation. Upon arrival, the occupants got out of the car and Vallee and one of his four companions locked the car doors behind them. The troopers then went out to the car with a flashlight and shone it into the car. As they did so they noticed behind the passenger's seat a plastic bag which appeared to contain marijuana. Edward Vallee, Sr., the registered owner of the car, was notified and he consented to a search of the car. The troopers seized the plastic bag and another bag which was found under the driver's seat. An examination by the state toxicologist revealed that the bags contained marijuana.

All five occupants of the car were charged with possession of marijuana in violation of §21-28-31. This appeal involves only the case against David P. Olsen.

The defendant contends that the evidence in the case failed to establish beyond a reasonable doubt that he was guilty of possessing marijuana in violation of §21-28-31. We agree and reverse.

In State v. Gilman, 110 R. I. 207, 291 A.2d 425 (1972), we held that to convict an accused of illegal possession or control of a barbiturate or a central nervous system stimulant requires proof of "a conscious possession of the contraband" and an intentional control of a designated object with knowledge of its nature. Id. at 215, 291 A.2d 430. We said that proof of those elements did not always require direct or positive testimony, and held that proof of the knowledge that is essential to conviction "* * * may be shown by evidence of acts, declarations or conduct of the accused from which an inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found." Id. at 216, 291 A.2d at 431.

We believe that the rationale in Gilman applies with equal force here and therefore we hold that proof of possession under §21-28-31 also requires proof of a "conscious possession" and "an intentional control of a designated object with knowledge of its nature."

We had occasion to discuss this problem again in State v. Fortes, 110 R. I. 406, 293 A.2d 506 (1972). See also State v. Motyka, 111 R. I. 38, 298 A.2d 793 (1973). The defendant in Fortes was a passenger in a car operated by a woman companion and registered in her husband's name. The attention of two police officers was attracted to the car by the erratic manner in which it was being operated. As the vehicle came closer to the officers they recognized it as one previously parked near a residence which was under police surveillance because it was frequented by "narcotics users, pushers, prostitutes * * *." State v. Fortes, supra at 407, 293 A.2d at 507. They also recognized the passenger as Alfred A. Fortes, Jr., a person believed to be a user and pusher of drugs. The police pursued the vehicle and after it skidded into a snowbank and came to rest, the police officers approached the vehicle and ordered both the operator and the passenger to get out. As they alighted from the

vehicle one of the officers examined its interior and saw two tablets in the bucket seat just vacated by defendant. Their size, color and shape suggested that they were dexamyl pills, possession of which is made illegal by §21-29-3(d).

We reversed Fortes' conviction because in our judgment the evidence was insufficient to support a finding of guilt. We now hold that our decision in *Fortes* is controlling here. Except for the statutes involved, the cases are almost identical.

The record in this case, as in *Fortes*, fails to disclose any direct evidence which would satisfy the *Gilman* standards.

The question remains of whether there is any circumstantial evidence, that is, any testimony from which the trial justice could have reasonably inferred, that (1) defendant consciously possessed or intentionally controlled the plastic bag which was found behind the front passenger seat and (2) that he had knowledge that the content of the bag was marijuana. We need not determine whether or not the evidence would reasonably yield these inferences. Even if we assume that it would, the evidence would still not be sufficient to support the finding of guilt. A conviction in a criminal case can stand only if all the facts and circumstances necessary to establish guilt have been proved beyond a reasonable doubt. Whatever the law may be elsewhere, *see Fortes, supra, note 2,* under the law in this state a finding of guilt will be warranted only if those facts and circumstances, taken together, not only are consistent with the hypothesis that defendant was guilty, but also are inconsistent with any reasonable hypothesis that he was innocent. *State* v. *Fortes, supra; State* v. *Franklin,* 103 R. I. 715, 725, 241 A.2d 219, 225-26 (1968); *State* v. *Montella,* 88 R. I. 469, 476, 149 A.2d 919, 922-23 (1959); *State* v. *Blood,* 68 R. I. 160, 162, 26 A.2d 745, 746 (1942); *State* v. *Di Noi,* 59 R. I. 348, 368, 195 A. 497, 506 (1937).

What is the evidence in this case? The defendant was

neither the owner nor the operator of the vehicle and there is no evidence, direct or otherwise, that the vehicle was under his control. Nor is there any evidence that he knew of the presence of the plastic bag or its location in the vehicle, or that he knew the content of the plastic bag was marijuana.

The only real evidence connecting defendant with the offense charged was the location of the plastic bag behind the passenger seat. The state argues that this was a case of joint or constructive possession. In our judgment neither has been established. The cases cited by the state are inapposite and therefore require no discussion.

We fail to see how, on this record, it was any less reasonable to infer that the contraband was in the vehicle without the defendant's knowledge that it was to infer that he either intentionally controlled or consciously possessed it. Thus it is clear that the circumstantial evidence essential to a conviction in this case was not incompatible with a reasonable hypothesis of innocence, and that it failed to exclude every reasonable hypothesis but that of guilt. The trial justice's finding, therefore, that the state had established the defendant's guilt beyond a reasonable doubt, was clearly wrong.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon, Jr.,* Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.