**322 A.2d 52.**

STATE *vs.* ANTHONY L. DEGREGORY.

JULY 12, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Anthony L. DeGregory, Jr.,[1] was tried and convicted before a justice and jury in the Superior Court on an indictment charging unlawful possession of marijuana in violation of G. L. 1956 (1968 Reenactment) §21-28-3. The case is here on his bill of exceptions.

The testimony at the trial was that on September 1, 1970, at about 11 p.m., Officer Ronald Paul Bertrand of the West Warwick police department, observed an automobile and a motorcycle traveling south on Main Street in that town at estimated speeds of 45 miles per hour. The motorcycle was owned and operated by defendant. The officer gave chase, overtook the vehicles, waved both to the side of the road, ordered defendant and his companion, Frank T. Golomb, to remain where they had stopped, and then proceeded to the automobile to examine the vehicle's registration and the operator's license.

While thus engaged, Officer Bertrand kept an eye on defendant and Golomb, who were standing about 75 to 100 feet from him. He observed them "digging into their pockets and passing some objects to each other." He also saw them "[drop] whatever they had in their hands on the ground." He was too far removed to identify those objects.

Officer Bertrand's observations were confirmed by two other police officers who chanced upon the scene. After

---

[1] One of the defendant's contentions is that his motion for a directed verdict of acquittal should have been granted because the indictment in this case was returned against Anthony L. DeGregory, whereas the uncontradicted evidence is that he was given the name Anthony L. DeGregory, Jr., at his birth and has ever since been known by that name. The view we take of the case makes it unnecessary for us to pass on this contention.

approaching defendant and his companion, they learned that the objects which had been dropped were a six-inch-long brass pipe, a bag of cigarette butts, and four small plastic bags which appeared to contain marijuana. None of the officers, however, were able to relate which of the several objects involved in the exchange had been passed by defendant to Golomb or by Golomb to defendant, or which were dropped by either.

Nonetheless, both defendant and Golomb were arrested, advised of their rights, and taken to the police station. There, defendant consented to his motorcycle's being searched. In the course of the search, the police observed a partially open knapsack "sitting" or "hanging" on the cycle's rear fender. We are not told whether that knapsack was a part of the motorcycle's equipment or how it happened to be on the fender, nor have we been advised whether it belonged to defendant, to Golomb, or to someone else. When explored, however, it yielded another small plastic bag which, like those found at the scene of the arrest, appeared to contain marijuana. Its contents, as well as those of the four bags previously seized, were then subjected to a Duquenois field test, and the tentative identifications of marijuana previously made were confirmed. Thereupon, defendant and Golomb were charged with narcotics offenses, and both were separately indicted and tried for possession of the same contraband. Both were convicted.

The defendant now presses several exceptions. The only one we need consider is to the trial justice's denial of his motion to direct the jury to return a verdict of acquittal. On that motion, the evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the state, and the motion should be granted if the evidence, when so viewed, fails to establish guilt beyond a reasonable doubt. *State* v. *Rose,* 112 R. I.

402, 311 A.2d 281 (1973); *State* v. *Riffkin*, 112 R. I. 308, 309 A.2d 15 (1973); *State* v. *Amado*, 109 R. I. 53, 56, 280 A.2d 324, 326 (1971).

Here the record before us certainly provides an ample basis for finding that either the defendant or Golomb, or perhaps both of them, had knowing and conscious possession of some or all of the marijuana. To go further, however, and say that it points to which of the two was the possessor, or that it indicates they shared this possession, would be pure speculation. *United States* v. *Bonham*, 477 F.2d 1137 (3d Cir. 1973); *United States* v. *Bethea*, 442 F.2d 790 (D.C. Cir. 1971); *Delgado* v. *United States*, 327 F.2d 641 (9th Cir. 1964); *Guevara* v. *United States*, 242 F.2d 745 (5th Cir. 1957); *Commonwealth* v. *Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971); *State* v. *Montella*, 88 R. I. 469, 476-77, 149 A.2d 919, 922-23 (1959). And proof based solely on speculation and conjecture, rather than upon reason and rationality, does not establish guilt beyond a reasonable doubt. *State* v. *Fortes*, 110 R. I. 406, 293 A.2d 506 (1972). It was error, therefore, for the trial justice to refuse to direct the jury to return a verdict acquitting the defendant.

The defendant's exception to the trial justice's refusal to direct a motion of acquittal for him is sustained, his other exceptions are denied pro forma, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, *Edward E. Dillon, Jr.*, Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian*, for defendant.