341 A.2d 437.

IN RE STEVEN MALSTROM.

JULY 25, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a petition filed pursuant to G. L. 1956 (1969 Reenactment) §14-1-11 requesting the Family Court to inquire into allegations that the respondent, a juvenile, did feloniously and fraudulently receive certain stolen goods in violation of §11-41-2. The case was tried to a Family Court justice sitting without a jury who, after finding the respondent guilty as charged, adjudged him to be wayward. From this judgment, the respondent now appeals.

It appears from the record that in September of 1974, a Mrs. Karen Gent discovered certain items of stereo

equipment in the basement of the house she had just rented. She testified that on November 25, 1974, respondent came to her door and asked her if she had seen the stereo equipment which he described by item and brand. She stated further that he claimed the equipment belonged to him, that he paid a lot of money for it, and that the boy next door had stored it in the cellar for him. As he produced no evidence to support his claim of ownership, she refused to give him the equipment but instead called the police. The respondent returned the next morning and reiterated his claim of ownership, describing in detail the location of the goods. Later that day the equipment was removed by the police who had determined that it was stolen goods.

The respondent briefed two issues on appeal, but as he chose to waive the first in oral argument before us, we need consider only the following question: whether the state has succeeded in proving beyond a reasonable doubt that respondent was in possession of the stolen goods. The Family Court held that the mere claim to possession of stolen property constitutes constructive possession of that property under §11-41-2.

In *State* v. *Motyka*, 111 R. I. 38, 298 A.2d 793 (1973), we held that constructive possession arises where an individual has dominion or control over the object in question although it may not be within his immediate physical possession. The determination that an individual has the requisite dominion or control is a legal conclusion to be based on all the facts and circumstances presented. *See United States* v. *Jones*, 308 F.2d 26, 30-31 (2d Cir. 1962); it does not necessarily follow from the mere claim to ownership, and to so hold constitutes an error of law.

The state contends, however, that the totality of the evidence warrants the inference that respondent had prior possession, either actual or constructive, of the goods in

question. This inference may be reasonable, but it is settled law in this state that where the evidence in a case is circumstantial, a finding of guilt beyond a reasonable doubt will be warranted only if the facts and circumstances are inconsistent with any reasonable hypothesis of innocence. *State* v. *Murphy,* 113 R. I. 565, 323 A.2d 561 (1974); *State* v. *Olsen,* 113 R. I. 164, 319 A.2d 27 (1974); *State* v. *Montella,* 88 R. I. 469, 149 A.2d 919 (1959).

After reviewing the evidence in the record, we conclude that the state has failed to meet this standard. The prosecution has failed, therefore, to establish beyond a reasonable doubt either the respondent's present constructive possession or his prior possession, actual or constructive, of the stolen goods.

The respondent's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Family Court for further proceedings.

*Aram K. Berberian,* for petitioner

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for respondent.