374 A.2d 804.

STATE *vs.* ANTHONY MEROLA.

JUNE 24, 1977.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Anthony Merola was tried and convicted before a Superior Court jury on an indictment charging him with obtaining money by false pretenses. He appealed and the only error he assigns is the denial of his motion for the entry of a judgment of acquittal.

In ruling on that kind of a motion, the trial justice must view the evidence and the reasonable inferences to which it is susceptible in the light most favorable to the state, and the motion should be granted if the evidence, so viewed and without regard to either its weight or credibility, is not sufficient to warrant a jury in finding that guilt has been established beyond a reasonable doubt. *State* v. *Wilbur,* 115 R.I. 7, 15-16, 339 A.2d 730, 735 (1975); *State* v. *Murphy,* 113 R.I. 565, 572-73, 323 A.2d 561, 565 (1974); *State* v. *DeGregory,* 113 R.I. 434, 436-37, 322 A.2d 52, 53 (1974).

The record in this case, so viewed, reveals the following: On October 23, 1970, defendant was injured when the automobile in which he was riding as a passenger collided with another vehicle. In the claim that he subsequently submitted to the other operator's insurer, defendant stated that at the time of the collision he was employed by Progress for Providence, a federally-funded, nonprofit antipoverty organization, at a weekly salary of $150, and that because of the injuries sustained in the collision he had been unable to work for 7 weeks. Notwithstanding those statements, defendant had in fact taken a leave of absence from the agency in May 1970; and, although he had returned to his former job about a week prior to the collision, it was not as a paid employee but rather as a volunteer, with the understanding that he

would be paid retroactively for his volunteer work if and when funds became available at some future date.

In response to the insurer's request for substantiation of his claim for lost wages, defendant submitted a letter that purported to be from the agency and was dated December 7, 1970. The letter advised that defendant was employed by the agency at a weekly rate of $170 and that, although he had not worked since October 26, 1970 when he was injured in an automobile accident, he was expected to return to work in a week or two. The letter was written on stationery on which the agency's name, address and telephone number were typewritten, rather than printed, and bore the purported signature of Joseph Tomasso, the neighborhood director of the agency's Federal Hill office. Tomasso denied that the signature was his, but admitted that he could not recall whether he had authorized either the writing or the signing of the letter.

The defendant claimed that the letter had been furnished him by the agency in response to his request for a writing attesting to his employment and salary. In any event, these apparent discrepancies in defendant's claim were then unknown to the insurer, and on December 21, 1970, it paid defendant $2,100 in settlement of his claim, $1,190 of which was for his purported loss of 7 weeks' wages.

On the foregoing record, the trial justice concluded that the jury could find beyond a reasonable doubt that the defendant had knowingly submitted to the insurer a forged letter falsely advising that he was gainfully employed at the time of the collision, thereby obtaining a settlement that included an amount for wages that he had not in fact lost. Accordingly, he denied the defendant's motion for a judgment of acquittal. Although the inference of intent to defraud may not have been the only reasonable one to which the evidence was susceptible, it was the one most favorable to the state. Under our rule it was, there-

fore, the only one the trial justice was permitted to consider in ruling on the motion before him. That the evidence of intent to defraud was circumstantial rather than direct is immaterial for we now subscribe to the view "that there is no distinction between direct evidence of a fact and evidence of circumstances from which the existence of a fact may be inferred." *State* v. *Aurgemma,* 116 R.I. 425, 435 n.6, 358 A.2d 46, 52 n.6 (1976). In our judgment the inference drawn by the trial justice was reasonable, not speculative or conjectural, and sufficient to support a jury verdict of guilty beyond a reasonable doubt. That being so, it was a sufficient basis for denying the defendant's motion.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

Mr. Chief Justice Bevilacqua did not participate.

Petition to reargue denied.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*Bevilacqua & Cicilline, John J. Bevilacqua,* for defendant.