## STATE

v.

## Joseph B. MONROE.

### No. 97–437–C.A.

Supreme Court of Rhode Island.

April 17, 1998.

Andrea J. Mendes, Aaron L. Weisman, Providence.

Paula Risin, Providence.

## ORDER

This case came before the court for oral argument April 13, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the oral arguments and

examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Joseph B. Monroe, appeals from a judgment of conviction entered in the Superior Court on a charge of possession of cocaine. Following a jury trial the defendant was sentenced to three years imprisonment. Said sentence was suspended and defendant was placed on probation for a period of three years and required to perform 1,000 hours of community service within two years from the date of sentencing.

Officer Matthew Riley of the Narragansett Police Department stopped a limousine driven by Dennis Brunelle a chauffeur for a Connecticut limousine company on October 17, 1996 on Route 108 in the Town of Narragansett. It is agreed by the parties that the stop and a subsequent search of the interior of the vehicle were lawful.

Brunelle testified that defendant had entered his vehicle in Wakefield (South Kingstown) and that he drove defendant along with two other persons who had entered his vehicle in Connecticut to various bars and residences in order to visit friends. He further testified that prior to driving the limousine on October 17, he examined the car to ensure that it was clean. He also cleaned the car after every stop. He further testified that he never saw any cocaine in the rear of the limousine during his inspections.

After Officer Riley stopped the limousine, he ordered the occupants out of the vehicle. When defendant stepped out of the vehicle the officer observed a clear plastic bag on the rear seat just below where defendant had been seated. He testified that the package "would have been directly underneath [defendant's] buttocks." The bag contained a yellow-white powdery rock-form substance. The substance was seized and defendant was arrested. Subsequent examination disclosed that the contents of the bag were cocaine.

The first issue raised on appeal was the denial of a motion for judgment of acquittal. The defendant contends that there was insufficient evidence to establish constructive possession of the controlled substance. He cites

State v. Fortes, 110 R.I. 406, 293 A.2d 506 (1972) in support of his position. In that case this court held that there was no evidence that Fortes had knowledge of the nature of the contraband (barbiturates) he had been charged with possessing. Id. at 410, 293 A.2d at 508–09. In this case, the trial justice denied the motion for judgment of acquittal and held that the issue of defendant's constructive possession in light of the evidence in the case was a question for the jury. With this holding we agree. In order to establish constructive possession, two elements are required: (1) a defendant's knowledge of the presence of an item and (2) an intent to exercise control over such item. State v. Mercado, 635 A.2d 260, 262 (R.I. 1993). We have held that these elements may be inferred from the totality of the circumstances. State v. Jenison, 442 A.2d 866, 875 (R.I.1982). A person may also be found to have constructively possessed a narcotic although it was not in his immediate physical possession. Id.

In the case at bar the trial justice in passing on a motion for judgment of acquittal was required to review the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses and must draw all reasonable inferences that are consistent with guilt. State v. Clark, 603 A.2d 1094, 1097 (R.I.1992). In reviewing the trial justice's denial of a motion for judgment of acquittal we apply the same standards. State v. Snow, 670 A.2d 239, 243 (R.I.1996).

Viewing the evidence in this case in the light most favorable to the state, we are of the opinion that the trial justice did not err in denying the motion for judgment of acquittal. The circumstantial evidence was sufficient to justify a jury's determination that defendant constructively possessed the narcotic substance.

The defendant also asserts as error a portion of the prosecutor's closing argument in which he suggested that the jurors could draw reasonable inferences from the evidence. Specifically the prosecutor stated:

"Ladies and gentlemen, there was also some talk about no furtive gestures, or anything of that nature. You guys can

draw reasonable inferences from the evidence. You guys can look at the totality of the circumstances, and just imagine what was happening back there. Just think about it."

We find nothing unreasonably prejudicial in the prosecutor's argument. It was well within the evidence presented. An objection to this portion of the argument was properly overruled. In any event the defendant neither requested a cautionary instruction nor did he move for a mistrial. Consequently, this issue was not properly preserved for appeal. *State v. Donato,* 592 A.2d 140, 142 (R.I.1991).

Therefore, the defendant's appeal is denied and dismissed, and the judgment of conviction is affirmed.